# Fornatti *v.* Tower Hill Connellsville Coke Company, Appellant.

*Workmen's Compensation Law—Compensation agreement—Total disability—Change of conditions—Petition to modify—Petition to terminate—Findings of referee—Award of Compensation Board.*

A judgment of the court of common pleas affirming an award of the Workmen's Compensation Board, will be reversed where it appears that it had been found as a fact by the referee that the claimant's total disability had ceased, but that the Workmen's Compensation Board had ordered the employer to continue payments of compensation for total disability, after the date when it had been determined that such total disability had ceased.

The referee having found that the claimant's total disability ceased on a certain date, but that he was still suffering from a partial disability as a result of the accident, he should have proceeded, under the petitions filed by the parties, to determine the extent of the loss of the claimant's earning power and the amount of compensation which he was entitled to receive, because of such partial disability. An order continuing an award for total disability is contrary to the evidence of the case, and will be reversed.

Argued April 21, 1921. Appeal, No. 98, April T., 1921, by defendant, from judgment of C. P. Fayette County, March T., 1919, No. 209, dismissing appeal from decision of the Workmen's Compensation Board in the case of Dominic Fornatti v. Tower Hill Connellsville Coke Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Appeal from award of Workmen's Compensation Board. Before VAN SWEARINGEN, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board and dismissed the appeal. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*D. W. McDonald,* and with him *James R. Cray,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., July 14, 1921:

This appeal must be sustained. The referee to whom the petitions for modification of the compensation agreement filed by both the claimant and the defendant were assigned for hearing found that claimant's total disability had ceased on July 11, 1917, to which date compensation had been paid him; that he was still suffering from a partial disability the extent of which and of his consequent loss of earning power he was unable to determine because claimant had not returned to work; that these matters should be determined by a supplemental agreement or petition to modify the agreement upon his return to work. No appeal was taken from this finding and order, but about six months later a petition was filed by claimant asking for a modification of said agreement and award on the ground that the injury suffered by him was equivalent to the permanent loss of his left leg and foot. This petition and the answer thereto were assigned to another referee for hearing, who disallowed the claim for further total disability and adhered to the findings of the first referee. On appeal to the Workmen's Compensation Board the findings of fact and conclusions of law of the two referees were upheld but because of some misunderstanding as to the refusal of defendant's foreman to furnish the claimant with work, which it had offered to do, it was ordered that payment should be made under the agreement for total disability from July 11, 1917, when total disability ceased, to the date of the filing of the opinion, December 31, 1918. On appeal to the court of common pleas this

award was sustained, the court basing its action on the ground that the employer had summarily stopped payments under the compensation agreement without filing a petition alleging the changed condition of the employee. The record shows that defendant did file a petition asking that the agreement be terminated and had paid compensation up to the date of filing such petition.

The employer must not act arbitrarily in discontinuing such payments and the record in this case does not show that it has done so, but irrespective of that we know of no principle that justifies either the Workmen's Compensation Board or the court of common pleas in ordering an employer to continue payment of compensation for total disability after the date when it has been determined as a fact that the employee's total disability has ceased.    The referee having found that the claimant's total disability ceased on July 11, 1917, but that he was still suffering from a partial disability as a result of the accident he should have proceeded under the petitions filed by the parties, to determine the extent of the loss of claimant's earning power and the amount of compensation which he was entitled to receive because of such partial disability.

The judgment of the court of common pleas is reversed; the decision of the Workmen's Compensation Board ordering payment of total disability from July 11, 1917, to December 31, 1918, is set aside; and the matter is remanded to the Workmen's Compensation Board with directions to determine the extent of the claimant's partial disability and the compensation that the claimant is legally entitled to receive by reason thereof, and to make such award in pursuance thereof as the facts in the case justify.    Costs on this appeal to be paid by the appellee.