## Brink v. Consolidation Coal Company

*A. Jerko* and *W. Curtis Truxal*, for claimant.

*Uhl, Ealy & Uhl* and *C. L. Shaver*, for defendant.

BOOSE, P. J., June 6, 1939. — The above-stated cases are appeals by defendant and claimant from the decision of the Workmen's Compensation Board, reversing the order of the referee. Inasmuch as both appeals arise out of the same facts, both cases will be disposed of in one opinion.

The amount involved would scarcely justify these appeals, but both appellants are seeking a determination of the legal principles applicable to the questions here presented. The determination of these questions calls for a proper interpretation of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552. Before approaching this question, a brief recital of the material facts will clarify the issues raised by the appeals.

On April 6, 1938, claimant, while in the usual course of his employment as a conveyorman by defendant, sustained an accidental injury to his right hand, described as a "simple fracture end of index finger". On the day following the accident and resulting injury, defendant offered claimant employment as a pumper, the duties of which could have been performed by the claimant with one hand, as it required only the turning of a valve and the pulling of a switch two times—starting and stopping the pump during a seven-hour period—and during the interval no other duties were required except to watch the operation of the pump. Claimant did not accept this employment. On April 28, 1938, defendant's physician gave claimant a slip to return to work May 2, 1938, at said job of pumping, but claimant again declined. On May 3, 1938, an X-ray examination was made of the right index finger, which revealed the fracture to be out of alignment. Claimant was then referred to another physician, and on May 13, 1938, was again given a slip to start this work of pumping, by defendant's physician, but he again failed to report for work. At the offered employment he would have received $5.76 a day for five days a week. He did not return to his regular employment until June 13, 1938, when he had practically recovered from his disability, and has since continued in said employment. Claimant and defendant entered into a compensation agreement, dated May 4, 1938, filed May 9, 1938, and approved May 12, 1938, providing for compensation at the rate of $18 per week, based upon an average weekly wage of $41.91, for a total disability beginning April 7, 1938, for an indefinite period of time, subject to the limitations of The Workmen's Compensation Act, supra. On June 10, 1938, defendant filed a petition for modification of said agreement, alleging that claimant was returned to light work by attending physician as of May 14, 1938; that he declined to accept the employment offered; and accompanied by affidavit of Dr. Chas. C. Barchfield

that, in his opinion, claimant was sufficiently recovered from his injury to perform the duties outlined to affiant as of May 14, 1938, which was referred to Referee Hibbs for investigation and determination. At the hearing before said referee on September 20, 1938, it was stipulated and agreed by counsel representing claimant and defendant that said petition should be treated and regarded as a petition to terminate compensation from and after May 14, 1938, to which date compensation was made or tendered. From the evidence heard, the referee found the following facts:

"First: That this is a petition for modification filed by defendant, Consolidation Coal Company, Inc., in which they allege that the disability of claimant has decreased as follows: 'Employe was returned to light work by attending physician as of May 14, 1938' and that 'Employe refused to accept the employment offered'. Claimant, Everett Brink, by answer, denies that he was able to return to work on May 19, 1938, and avers that he was not able to return to work until June 13, 1938.

"Second: The records in this case disclose that claimant met with an accident on April 6, 1938; that a compensation agreement was entered into between the parties which describes the accident and resulting injury as follows: 'Simple fracture end of index finger.' The agreement also shows that claimant's weekly wage amounted to $41.91, and he was paid or offered compensation at the rate of $18 per week for total disability until May 14, 1938.

"Third: That the medical testimony in this case is to the effect that an X-ray was taken two weeks after the injury, showed the fracture in perfect alignment, and that on April 28, 1938, he was given a return to work slip; that on May 2, 1938, claimant did not report to work in accordance with the return to work slip; and on May 3d an X-ray was taken which showed the fracture out of alignment; that the fracture was again

treated and on May 13, 1938, he was given a return to work slip and was offered the work of pumping, the duties of which could be performed with one hand, requiring only the turning of a valve and pulling a switch, the wages for such work being $5.76 per day for five days a week. Claimant refused to accept this position. On June 13, 1938, he was again given a return to work slip for full recovery and on that day he did return to his usual work and has continued without further disability. From all the testimony in the case, your referee finds as a fact that claimant's total disability did cease on May 14, 1938, and beginning as of that date he was partially disabled, which partial disability reflected in a loss of earning power of $13.11, which is the difference between the weekly wage under the agreement, namely, $41.91, and the wages he could earn at the work of pumping offered him by defendant, amounting to $28.80, and which partial disability continued until June 13, 1938, on which date claimant was fully recovered and able to return to his regular occupation."

Based upon said findings of fact, the referee drew the following conclusions of law:

"In view of the foregoing facts your referee concludes as matters of law that defendant is entitled to a modification of the agreement as of May 14, 1938, to provide for termination of the agreement for total disability and modification of the agreement for partial disability as set forth in above findings," and thereupon made the following order:

"The compensation agreement executed in this case is accordingly terminated for total disability as of May 14, 1938, and beginning as of that date the agreement is modified to provide for the payment of compensation to this claimant for partial disability at the rate of eight dollars and fifty-two cents ($8.52) per week (65 percent of $13.11), payments at this rate to continue until June 13, 1938, a period of four and two-seventh

(4-2/7) weeks, in the total amount of thirty-six dollars and fifty-three cents ($36.53)' on which date the agreement is terminated for any and all disability.

"The defendant is directed to pay interest at the rate of six percent per annum as provided in section 410 as amended by the Act of June 4, 1937, effective January 1, 1938, the same to begin as of May 21, 1938, and payable thereafter as compensation is payable.

"No bill of costs filed."

Upon appeal by claimant from said award, the board affirmed the referee's findings of fact, but made the following additional findings of fact:

"4. Although claimant's total disability ceased on May 14, 1938, at which time he became partially disabled which partial disability reflected itself in a loss of earning power in the weekly amount of $13.11, which partial disability continued until June 13, 1938, defendant did not file a petition to modify the compensation agreement existing between the parties until June 8, 1938. Further, we find as a fact that the petition for modification accompanied by the physician's affidavit did not comply with the requirements of section 413 of The Workmen's Compensation Act in that the petition and affidavit did not set forth a percentage estimate of claimant's disability. Moreover, we find as a fact that compensation payments were not made to claimant in accordance with the liability admitted by defendant in its petition for modification.

"5. The board is of the opinion and finds as a fact that on September 20, 1938, at hearing before the referee defendant amended its petition to modify to include a petition to terminate the compensation agreement, at which time it produced evidence that all compensable disability suffered by claimant resulting from the accidental injuries received April 6, 1938, had ceased and terminated on June 13, 1938, upon which date claimant returned to his usual employment with defendant and

received his usual wages. We further find as a fact that compensation payments for a total disability were not tendered to claimant by defendant up to the date of the filing of the petition to terminate or for any period of time after May 14, 1938, but that compensation payments for a total disability were made or tendered to the claimant for the period to and including May 14, 1938."

The board struck out the referee's conclusions of law and in lieu thereof substituted the following conclusions of law:

"In view of the foregoing facts, the board concludes as a matter of law that the petition for modification cannot be treated as a petition for modification and suspend compensation payments for the reason that it does not comply with the statutory requirements contained in section 413 of The Workmen's Compensation Act.

"And the board concludes as a matter of law that compensation must be paid or awarded to claimant in accordance with the existing compensation agreement until the date of the filing of the petition for termination.

"The board concludes as a matter of law, inasmuch as claimant returned to his usual employment with defendant at his usual rate of wages on June 13, 1938, that compensation payments under compensation agreement no. 8,043,806 should be suspended during the period of time that claimant is shown to have received his full wages from his employer which is the period of time from June 13, 1938, to September 20, 1938."

The board also struck out the referee's order and in lieu thereof substituted the following order:

"The board accordingly denies defendant's petition for modification of compensation agreement no. 8,043,806 and for the reasons above set forth the board grants defendant's petition for termination filed September 20, 1938, as of the date of its filing upon proof of compliance of the statutory requirement that compensation be paid

to the date of the filing of the said petition being furnished by defendant; and the board further orders and directs that compensation payments under said compensation agreement be suspended from June 13, 1938, to September 20, 1938, on which date the agreement is terminated for any and all disability.

"Defendant is directed to pay interest at the rate of 6 percent per annum as provided in section 410 of The Workmen's Compensation Act beginning as of May 21, 1938, and payable thereafter as compensation is payable.

"No bill of costs filed.

"The appeal is sustained."

From said order defendant and claimant have taken the present appeals, which will be considered in their order.

In support of its appeal, defendant has filed the following exceptions: (1) The board erred in making additional findings of facts nos. 4 and 5 for the reason that said findings of fact are wholly irrelevant, immaterial, incomplete and made under a misinterpretation of the law relating thereto; (2) the board erred in striking out the referee's conclusions of law and substituting its own conclusions of law; (3) the board erred in striking out the order of the referee and substituting therefor its own order; and (4) The Workmen's Compensation Law of 1937, under which said findings of fact, conclusions of law, and order were made, is unconstitutional and void.

The questions thus presented call for a proper construction of a portion of The Workmen's Compensation Act of June 4, 1937, P. L. 1552. The fourth paragraph of section 413 of said act provides:

"The filing of a petition to terminate or modify a compensation agreement or award as provided in this section shall operate as a supersedeas, and shall suspend the payment of compensation fixed in the agreement or by the award, to such extent as the facts alleged in the petition would, if proved, require, except that the filing

of a petition relative to a change in or termination of the disability of an injured person shall not act as a supersedeas, unless such petition contains an affidavit by a physician that he has examined the claimant, a percentage estimate of the extent of disability, and that the petitioner, in his opinion, is entitled to the relief prayed for in the petition. Payment must be made up to date of the filing of the petition to terminate, and in the case of a petition to modify, in accordance with the per centum of liability admitted in such petition. In any such action to terminate or modify, the burden of proof shall be upon the party filing such petition. No petition to terminate or modify an existing agreement or award shall be filed while said agreement or award is being adjudicated."

The above-quoted paragraph of said act is an amendment of section 423 of the original Act of June 2, 1915, P. L. 736, amended and renumbered as section 413 by the Act of June 26, 1919, P. L. 642, and further amended by the Act of April 13, 1927, P. L. 186. The words stricken out of the amendatory Act of 1927 are enclosed in parentheses, and the new provisions are underscored. The learned Workmen's Compensation Board, in making additional findings of fact, striking out the referee's conclusions of law and order, and in substituting therefor its own conclusions of law and order, from which defendant has taken this appeal, has misconstrued the effect of the amending Act of 1937. The board has failed to distinguish between defendant's right to file a petition to modify or terminate a compensation agreement in order to have its liability to claimant determined, and its failure to comply with the amended statutory requirements so that such petition shall operate as a supersedeas and suspend further payments under the agreement. It must be conceded that defendant's petition to modify, subsequently treated as a petition to terminate, the compensation agreement did not comply with the requirements of the statute as amended by the Act of

1937, in that it did not contain an affidavit by a physician that he has examined claimant, a percentage estimate of the extent of disability, and that petitioner, in his opinion, is entitled to the relief prayed for, and payments of compensation were not made up to the date of the filing of the petition. The original Workmen's Compensation Act of 1915, as subsequently amended, including the Act of 1937, confers the right upon defendant to file a petition to terminate or modify a compensation agreement and provides that it shall operate as a supersedeas, except as provided in the last amending act. The only effect of said act is that, if defendant fails to comply with its requirements, the filing of a petition to terminate or modify the compensation agreement does not operate as a supersedeas and suspend payment of compensation thereunder; and claimant is at liberty to enforce the agreement by entering judgment and proceeding to an execution against defendant, as provided in section 428. If an employer discontinues payments of compensation before filing a petition to terminate or modify the agreement, or if he fails to make his petition a supersedeas in the manner required by the act, he takes the risk of having judgment entered and execution issued against him, plus the interest penalty upon the installments of compensation as they became due, and the costs of such proceedings; but his failure in either respect does not disentitle him to the relief prayed for if, in fact, the evidence shows that he is entitled to a termination or modification of the agreement as of a prior date: Pikutas v. Glen Alden Coal Co., 129 Pa. Superior Ct. 57. The referee's findings of fact, sustained by sufficient evidence, and affirmed by the board, show that claimant's total disability ceased on May 14, 1938, and that partial disability continued until June 13, 1938, when he returned to work and has since continued without further disability; and appropriately made an award of compensation for partial disability, reflected in loss of earnings in the amount of $13.11 per week, between said dates, and modified the compensation

agreement so as to provide for termination of total disability as of May 14, 1938, and for partial disability until June 13, 1938, when claimant returned to, and has since continued in, his regular employment. The board, notwithstanding its affirmance of the referee's findings of fact, struck out his conclusions of law, and order of modification, and substituted in lieu thereof its own conclusions of law and order, which, in effect, requires defendant to pay compensation in full for total disability up until September 20, 1938, the date when it was stipulated and agreed that defendant's petition to modify (filed June 10, 1938) should be treated as a petition to terminate, with a suspension of payment from and after June 13, 1938 (when claimant returned to work), because defendant's petition was not made a supersedeas under the act. Clearly, this was erroneous. The portion of the Act of 1937 now under consideration is merely a procedural act; it is not a substantive law, enlarging claimant's rights or defendant's liability; and consequently it has not changed the law determining defendant's liability for payment of compensation to claimant. ". . . we know of no principle that justifies either the Workmen's Compensation Board or the court of common pleas in ordering an employer to continue payment of compensation for total disability after the date when it has been determined as a fact that the employee's total disability has ceased": Fornatti v. Tower Hill Connellsville Coke Co., 77 Pa. Superior Ct. 122. The second paragraph of section 413, reënacted into the Act of 1937, expressly provides that "Such modification . . . or termination shall be made as of the date upon which it is shown that the disability of the injured employe has . . . finally ceased". It is our conclusion in this appeal that the referee's findings of fact, conclusions of law, and order should have been affirmed by the board, and claimant's appeal dismissed.

It is unnecessary to pass upon defendant's fourth exception challenging the constitutionality of The Work-

men's Compensation Act of 1937. Suffice it to say, that it is a matter of general knowledge by the bench and the bar of the State that our Supreme Court has already declared several sections of said act to be unconstitutional. Unless corrected by amendments, the entire act may ultimately meet the same fate. We leave that question for determination by the Supreme Court.

In support of his appeal, claimant has filed the following exceptions: (1) That the Workmen's Compensation Board erred in its third conclusion of law; (2) that the board erred in the portion of its order suspending claimant's compensation from and after June 13, 1938; and (3) that the board erred in its conclusion of law and order terminating and suspending the payment of compensation after said date. These exceptions raise, in different form, the same question: Can an employer be compelled to pay wages and full compensation to his employe covering the same period of time? The question immediately suggests the answer. There can be only one answer.

It is admitted that claimant's disability, whether total or partial, ended on June 13, 1938, when he returned to and resumed his usual and regular employment, and has since continued therein, without any further disability resulting from his injury. But it is urged and contended that, because defendant did not pay compensation up to the date of filing its petition to modify the compensation agreement (June 10, 1938), which, on September 20, 1938, by stipulation and agreement of the parties, was to be regarded as a petition to terminate said agreement, defendant must be required to continue to pay compensation up to that date, notwithstanding that claimant's disability ceased on June 13, 1938, and that since said date he has returned to work and has received his usual and regular wages. This contention cannot be sustained. If, as decided in Fornatti v. Tower Hill Connellsville Coke Co., supra, the Workmen's Compensation Board has no

authority to order an employer to continue payment of compensation for total disability after the date when it has been determined as a fact that the employe's total disability has ceased, then, for the same reason, the board's order suspending payment of compensation to claimant from and after June 13, 1938, when he returned to work fully recovered from his disability, must be sustained. Compensation payments are intended as a substitute for wages while disability continues; but it is inconceivable that the legislature ever intended that an employe who has fully recovered from his injury and returned to his usual employment should be entitled to receive both compensation and wages from his employer during the same period of time: Pikutas v. Glen Alden Coal Co., supra. Such an act would be so unreasonable that it would have to be declared unconstitutional. In the recent decision of the Supreme Court in Rich Hill Coal Co. et al. v. Bashore, 334 Pa. 449, declaring certain sections of the Act of 1937 unconstitutional, the court said (p. 461):

"A law which requires an employer to pay a disabled employee, and particularly for a long period, more than the employee earned before his disability arose, does not conform to the constitutional test of reasonableness. The most earnest advocates of Workmen's Compensation Laws never contemplated that the rate of compensation for disabled employees should be placed so high as to make idlness more remunerative than work."

Section 306(a) of the original Workmen's Compensation Act of 1915, reënacted into the Act of 1937, fixing the period of time for which an injured employe shall receive compensation for total disability, expressly provides: "Nothing in this clause shall require payment of compensation after disability shall cease." Claimant is not entitled to recover compensation after his disability ceased on June 13, 1938.

*Order*

Now, June 6, 1939, defendant's appeal, entered to no. 158 February term, 1938, is sustained; the conclusions of law and order of the Workmen's Compensation Board, except so much of said order as suspended payment of compensation from and after June 13, 1938, are reversed and set aside; and claimant's appeal, entered to no. 174 February term, 1938, is dismissed.