Opinion by
 

 Baldrige, J.,
 

 On March 8, 1935, the claimant, while in the employ of the Pittsburgh Railways Company as a street car motorman, sustained an injury to his left foot. A compensation agreement was executed calling for payment of $15 per week for total disability based on a weekly wage of $39.98. Several petitions were thereafter presented, but we are concerned only with the one filed April 2, 1937, to terminate the agreement. The defendant alleged therein that claimant’s disability had ceased and that he had obtained employment and was receiving more wages than at the time of the accident. The claimant filed an answer, wherein he denied his disability had ceased, and averred that he is still partially disabled and unable to perform the type of work he was doing when injured; that his present salary as a tip-staff in the Court of Common Pleas of Allegheny County
 
 *254
 
 does not truly reflect Ms earning power. The referee, after hearing, found that claimant is suffering a 20 per cent loss of earning power, and awarded compensation in the sum of $5.20 per week for an indefinite period. The award was upheld by the board and the court of common pleas.
 

 That there was sufficient competent evidence to support the finding that claimant is suffering a partial disability is not seriously disputed. Each of the several doctors called testified that it is impossible for him to do the same character of work he was formerly engaged in and that he is partially disabled. The claimant testified that he limps and is unable to stand for any length of time and during the day has to bathe his foot and leg. The evidence was clearly sufficient to establish claimant’s partial disability.
 

 The major question involved is whether claimant is entitled to further compensation for partial disability in view of his present employment as a tipstaff at a salary of $200 per month.
 

 Section 306(b) of the Workmen’s Compensation Act of June 2, 1915, P. L. 736 ( 77 PS §512), fixing compensation for partial disability, provides that an employee is entitled to 65 per cent of the difference between the wages he received at the time of the accident and Ms “earning power” thereafter.
 

 Earning power is not determined solely by ascertaining the amount of wages an employee received after he sustained an injury. That fact is to be considered with all the other elements affecting his earning power, but it is not absolutely controlling:
 
 Bausch v. Fidler,
 
 277 Pa. 573, 121 A. 507;
 
 Johnson v. Jeddo Highland Coal Co.,
 
 99 Pa. Superior Ct. 94;
 
 Bonomo v. State Workmen’s Ins. Fund et al.,
 
 111 Pa. Superior Ct. 402, 170 A. 428. In many instances, wages actually received are unsatisfactory evidence of earning power. The injured person may be especially favored, or he may be doing
 
 *255
 
 a character of work that does not truly reflect his earning power. The proper test to be applied in determining whether the power to earn has been diminished is a claimant’s ability to earn wages in any kind of employment for which he is fitted;
 
 Cavanaugh v. Luckenbach SS Co.,
 
 125 Pa. Superior Ct. 275, 189 A. 789;
 
 Plum v. Hotel Washington et al.,
 
 125 Pa. Superior Ct. 280, 189 A. 792;
 
 Conley v. Allegheny Co.,
 
 131 Pa. Superior Ct. 236, 200 A. 287.
 

 The claimant applied to defendant for work after he had recovered a partial use of his foot and was able to do light work, and was informed he would not be reemployed. He endeavored to obtain other employment but was unsuccessful on account of his injury. Applying the test to which we have referred, it may be concluded that his earning power has been impaired.
 

 The appellant contends that the recent cases of
 
 Harmon v. Knoll,
 
 129 Pa. Superior Ct. 390, 195 A. 448, and
 
 Sayre v. Textile Machine Works,
 
 129 Pa. Superior Ct. 520, 195 A. 786, are not in harmony with our former decisions in the Bonomo, Cavanaugh and Plum cases, as they clearly indicate that a claimant cannot be said to have lost his earning power when he is actually receiving higher wages than at the time of his injury.
 

 Judge Cunningham, the writer of the opinion in the Sayre case, explicitly said that that decision did not modify our rulings in former cases with their varying factual situations; that “prior decisions are controlling only when the facts are substantially identical and the issues arose in a similar way” (p. 521). In that case, the claimant, under an open agreement, was paid compensation for 8-1/3 weeks and then signed a final receipt. He was continuously employed thereafter by the defendant for a period of four years, earning wages in excess of the amount he received prior thereto. His employment ceased only because the department in which he worked was closed and all the em
 
 *256
 
 ployees were dismissed. About five months later he instituted proceedings to have the final receipt set aside. It will be observed that the claimant was not denied employment, as here, but was
 
 taken
 
 care of by his employer. The opinion expressly states that the Bonomo, Cavanaugh and Plum cases, where the question of disability was promptly raised after the several claimants had returned to work, do not hold “that an employee, having a partial disability but earning and receiving from
 
 Ms employer
 
 wages equal to or in excess of those he was earning at the time of his injury, may postpone, for more than four years, the raising of any question of liability upon the part of his employer to pay compensation in addition to full wages and then succeed in compelling his employer to pay him compensation as well as wages for the same period of time.” (Italics supplied).
 

 In the Harmon case, we stated that, notwithstanding a claimant may receive from his employer, after the accident, the same wages he received prior thereto, the compensation authorities may properly find that those wages did not conclusively establish the earning power of the claimant.
 

 The appellant states in its brief that it “does not now seek a termination of the claimant’s compensation. It merely seeks a suspension of that compensation Avhile the claimant is actually earning $200 per month as a tipstaff.” That was the position taken by the learned court below in the Plum case. Judge Parker, speaking for the majority members of this court, in commenting thereon, said (p. 284) : “The court below agreed that the evidence would support the finding of loss of earning power but held that the right to compensation did not begin to run until the earnings were actually less than before the accident. This negatives all that has been said by both of the appellate courts of this state. The difficulty Avith the final couclusion of the court be
 
 *257
 
 low is that it is at variance with the plain words of the statute that a claimant shall be paid compensation ‘during the period of such partial disability.’ The claimant was either partially disabled or he was not. When it was determined that partial disability existed, as the court below conceded, then the claimant was entitled to be compensated.”
 

 This claimant, on March 16, 1937, after his employer had refused to give him employment, and he had failed to obtain employment, was appointed tipstaff at a salary of $200 per month, which is determined by the judges of the court within the limitations prescribed) by the Act of June 23, 1931, P. L. 918 (17 PS §1868). The amount of this salary has little, if any, relation to the actual earning power as contemplated by our compensation statutes. The position of tipstaff is unique in some aspects and is open to comparatively few people. In making such an appointment, many factors, other than actual earning power, are taken into consideration. As Judge Richakdson, in his opinion, well points out, a tipstaff’s appointment is not secured under the same conditions as prevail in the open labor market. “Respect for a crippled war veteran, personal friendship, confidence in tact, integrity and loyalty — all of these things and more, enter into the appointment.” It is well known that the duties of a tipstaff may be performed by men having physical afflictions that partially disable them. It does not necessarily follow that if one is sufficiently fortunate to obtain a position as tipstaff his earning power has not been impaired. Furthermore, there is no positive assurance that claimant’s position is permanent. He is serving at the pleasure only of the court as now constituted. We all know that the personnel of our courts change from time to time. That may cause him to lose his position or he may be dismissed for other reasons. If the claimant should lose his present
 
 *258
 
 employment and would liave to seek work, Ms physical condition would compel Mm to take less wages than lie earned at the time of his injury.
 

 We are convinced, after a careful review of this record and arguments of able counsel, that the proof was sufficient for the board to conclude that claimant is entitled to compensation.
 

 Judgment affirmed.