Angelo, Appellant, *v.* Keystone State Construction Co. et al.

Argued October 3, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Alexander F. Barbieri,* with him *Vincent G. Panati,* for appellant.

*Charles E. Kenworthey,* with him *Evans, Bayard & Frick,* for appellees.

OPINION BY CUNNINGHAM, J., January 31, 1939:

In this workmen's compensation case the claimant has appealed from the action of the court below in sustaining the exceptions of his employer and its insurance carrier to an award of compensation for partial disability and, in effect, entering judgment in their favor. The most remarkable feature of the case is its long history; for fourteen years it has been shuttled back and forth between referees and boards and was twice before the common pleas. The controversy centers around the question whether the claimant is entitled to an award for partial disability existing during a period of 62 weeks beginning March 24, 1925, and ending May 31, 1926. In figures, the award was in the principal sum of $663.40—62 weeks at $10.70 per week—and with interest calculated in accordance with the statute would aggregate $1142.75, out of which $125 has been allowed by the board as counsel fees. Prior to the accident which gave rise to the claim the claimant had an earning power of $24 per week; the board fixed the extent of partial disability at a two-thirds diminution of earning power and the weekly rate at 65% of $16.

If the claimant had been accorded his rights under our Workmen's Compensation Act of June 2, 1915, P. L. 736, and its amendments, and if this proceeding were ordinary litigation in which strict rules of pleading should be applied, we would affirm the judgment. But, as will appear, the claimant, through the fault of the referee to whom the case was first assigned, was not given any compensation for the period now in question, although under the referee's findings as to that period he was clearly entitled to an award, in some amount, for partial disability. Moreover, we have consistently held that if a claimant is justly entitled to relief it will

be afforded, regardless of the form or title of his petition.

By an accident in the course of his employment on December 19, 1924, claimant was crushed between a post and a truck. An agreement was executed by the parties and approved by the board under which he was paid compensation for total disability up to March 23, 1925—the beginning of the period with which we are concerned.

On March 26, 1925, the employer presented its petition, under Section 413, 77 PS §§772-774, for a suspension of the agreement upon the ground that claimant "is able to perform some work but refuses to attempt same."

After a full hearing the referee made a finding reading: "From the testimony produced before the referee he finds as a fact that the claimant was able on March 23, 1925, and for some time prior thereto, to perform work of some kind. He may not be able to start right in at his former occupation; but could perform work of a lighter nature in the beginning, and work himself up to the point where he could return to his former occupation, so far as his disability is concerned from the injuries received in his accident."

On June 22, 1925, this order was entered by the referee: "Accordingly, the prayer of the petition to suspend is granted, and the said compensation agreement suspended as of March 23, 1925, until such time as the claimant returns to work and establishes an earning capacity so as to fix compensation for partial disability, if any."

As stated at length by this court in *Stanellu v. Scranton Coal Co.*, 122 Pa. Superior Ct. 506, 186 A. 211, the above action by the referee was without any justification under the provisions of the statute. There was neither averment, proof nor finding, that claimant's disability had *temporarily ceased,* which is the only ground contemplated by the act for suspension of an

agreement or award. The only definitive feature of this proceeding before the referee was an adjudication that claimant's disability had changed from total to partial by March 23, 1925. It then became the clear duty of the referee to determine, as best he could from the evidence, the extent of claimant's loss of earning power. As was said in the Stanella case, "The provision in section 413 to the effect that the filing of a petition for termination operates as a supersedeas of the terms of the agreement to the extent subsequently justified by the evidence, contemplates a prompt ascertainment of the earning power of an injured employee, and it would be unjust to penalize a claimant because a referee has been remiss in the performance of that duty." That duty was not performed by any referee or board in this case until September 10, 1937, when Chairman Ullman, acting for the board, fixed the extent of claimant's loss of earning power and made the award here in controversy.

The immediately subsequent history of this case illustrates the difficulties occasioned by the procedure adopted by the referee. Claimant did not appeal from the order, thereby signifying his acceptance of the determination that his disability had changed to partial. On December 8, 1925, however, he filed his petition for reinstatement of the agreement upon a basis of *partial* disability. Upon this petition the referee found claimant had been operated upon for a hernia, which occurred subsequent to, and was not caused by, the accident, and had shown earnings of only $3.50 per week, but expressed the opinion that he was not "cooperating" as he should. The petition was disposed of by this order on January 26, 1926: "Dismissed until the claimant can show a better cooperation and more definite evidence of why he cannot earn more than $3.50 per week or until he has established a real earning power."

The referee, instead of thus depriving claimant of all

compensation during this period, should have fixed the extent of his disability attributable to the accident in the light of all the evidence before him, leaving it to claimant to accept the conclusions of the referee as to the amount to which he was entitled or appeal therefrom to the board.

After waiting until April 17, 1926, claimant filed a petition, upon the construction of which we are unable to agree with the court below. In it claimant averred: "Subsequent to March 23, 1925, my disability recurred in the following manner and to the following extent: Traumatic hernia, neuritis and breakdown of the whole nervous system, inflammation and severe pains of the spine and over the stomach and intestines: impaired digestion and alimentation."

After three hearings, beginning June 16, 1926, at which considerable medical testimony was taken on both sides, the referee found on November 12, 1926, that while claimant was suffering from some of the complaints set out in his petition, he "is not now suffering from any recurrence of disability due to the accident." The final order was, "The prayer of the petition to reinstate is denied, and the said petition is dismissed." It is apparent from the use of the phrase "not now suffering" that the earliest date to which the finding could possibly apply would be the date of the first hearing upon the petition—June 16, 1926.

It is suggested in the opinion of the court below that claimant changed his "position" by the filing of this petition. We do not so regard the petition. It seems to us it was intended to be and was, in substance, a petition for a rehearing of the above quoted order of January 26, 1926. The referee so treated it.

We think the findings and order of the referee, entered November 12, 1926, mean neither more nor less than that claimant, as of the date of hearing (June 16, 1926,) was not suffering any disability attributable to the accident.

The referee was remiss in failing to make an order at the same time fixing the extent of claimant's *partial* disability *attributable* to the accident, which he had previously found existed to an undetermined extent since March 23, 1925, and awarding compensation for that partial disability up to at least June 1, 1926.

The further history of the case need not be recited in detail. From the finding of the referee of November 12, 1926, that the disability from which claimant was then suffering was not caused by the accident, claimant appealed to the board, and, upon the affirmance of the referee's decision by the board, to the common pleas. In November, 1928, that court remitted the record to the board for further findings. On April 17, 1929, the board reaffirmed the previous findings of the referee and returned the record to the court below. For some unexplained reason the case was permitted to slumber at this stage for five years. Claimant was equally responsible with the employer and its carrier for this delay; either side could have ordered the case upon the argument list and had it disposed of promptly. During this period the record was lost and a substitute record had to be supplied. The acquiescence of the claimant in this delay should in our opinion have some bearing upon the question of interest hereinafter considered.

On January 10, 1935, the court below dismissed claimant's exceptions to the action of the board in affirming the decision of the referee, dated November 12, 1926.

This was a final adjudication that whatever disability claimant had on and subsequent to June 16, 1926, was not attributable to the accident, but it did not cover the question of the right of claimant to an award of compensation for partial disability for the period between March 23, 1925, and June 1, 1926. Claimant took no appeal from this decision of the court below, but on April 18, 1935, filed his petition with the board, reciting the history of the case, averring the original

agreement had never been terminated, and praying that the board "determine the rate of compensation for partial disability to which petitioner is entitled from March 23, 1925, to June 1, 1926."

The proceedings upon this petition were pending, within the limitations of the statute, before the compensation authorities up to September 10, 1937, when the board made the award of compensation for 62 weeks which became the basis of the present controversy. Upon the appeal of the employer and carrier to the common pleas from that award, the court below, being of opinion that the adjudication made by it on January 10, 1935, prevented claimant from raising the question of his right to compensation for partial disability during the 62 weeks in question, sustained the exceptions of the employer and carrier to the award of September 10, 1937, thereby, in effect, entering the judgment from which the claimant now appeals.

Our view of the matter is that the question of the amount of compensation due claimant for that period of 62 weeks has been in abeyance ever since the original order of the first referee, entered June 22, 1925, in which he suspended the agreement until claimant demonstrated to the satisfaction of the referee the extent of his then existing partial disability. This language from page 511 of our opinion in the Stanella case is applicable here: "In reality the order of the referee held the entire matter in abeyance and undertook to compel claimant to forego all compensation until he had furnished a practical demonstration of his earning power by engaging in some kind of employment. Such procedure is not authorized by the statute."

Our general conclusion is that judgment should have been entered upon the award but not for the full amount thereof as calculated by the board—principal, $663.40, plus accrued interest to June 1, 1926, $23.35, and plus interest to the date of award, $456, or a total of $1142.75.

As above indicated, claimant permitted his case to lie dormant for five years and, in our opinion, is not justly entitled to the above mentioned second item of interest.

A judgment, as of September 15, 1937,—the date of the board's calculation—for the first two items thereof, aggregating $686.75, will give the claimant the compensation to which he is entitled under the letter and spirit of the statute.

The judgment in favor of the appellees is reversed and the record is remitted to the court below to the end that judgment may be entered upon the award in accordance with this opinion.