Artac, Appellant, *v.* Union Collieries Company.

Argued April 10, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Fred J. Jordan,* with him *Murray J. Jordan* and *Arthur L. McLaughlin, Jr.,* for appellant.

*Edward J. I. Gannon,* with him *Hazlett, Gannon & Walter,* for appellee.

OPINION BY STADTFELD, J., June 25, 1940:

This is an appeal from the judgment of the Court of Common Pleas of Allegheny County, dismissing claimant's appeal from an order of the Workmen's Compensation Board, directing that payments for a partial

disability be suspended, until such time as claimant can demonstrate a loss of earning capacity.

The claimant, Frank Artac, while in the employ of the Union Collieries Company, sustained an injury to his back on September 9, 1933. Shortly thereafter, the parties entered into a compensation agreement providing for the payment of compensation for an indefinite period for total disability. This condition was the result of a fracture of the lumbar vertebrae which claimant sustained when a coal face broke loose and fell on him as he was cleaning slag from under the cut. On September 29, 1934, claimant executed a final receipt, acknowledging the receipt of compensation to September 24, 1934, and reciting his return or ability to return to work on that date. On May 3, 1937, he filed a petition to set aside the final receipt, under Sec. 434, Act of June 26, 1919, P. L. 642. Defendant filed an answer and a hearing was held. Thereafter, the referee ordered that the final receipt be set aside and that the compensation agreement be reinstated to provide for the payment of compensation for partial disability reflecting itself in a 50% loss of earning power from September 24, 1934, and to continue for an indefinite period within the limitations in such cases made and provided.

The following findings of fact, made by the referee and affirmed by the board, are based, as a careful review of the testimony indicates, upon ample legally competent evidence. At the time that claimant signed the final receipt, he had not fully recovered from the injury sustained in the accident of September 9, 1933. The defendant employer had full knowledge of this condition at the time, but promised claimant a light job upon the execution of the receipt. For about two or three months after claimant returned to work, he was assigned the job of cleaning the road in the mine. Later, he worked, for about one year, at "shot firing"; the following year he worked as a "pumper." From that time on, claimant worked as a "boney picker." Each of

these assignments, given him by the defendant employer, was lighter than his former work of coal loading which he never resumed.

Concluding that the final receipt had been signed by claimant under a mistake of fact and as a result of improper conduct on the part of defendant, the board affirmed the action of the referee in setting aside the final receipt. No question has been raised as to the propriety of this part of the order as made by the compensation authorities.

We are concerned, however, with another feature of the case. The 4th finding of fact made by the referee states, "...... the claimant, as a result of the accident of September 9, 1933, is suffering from a partial disability, which disability is reflected in a loss in earning power to the extent of fifty percent, beginning with September 24, 1934." The board struck out this finding and substituted, in lieu thereof, the following finding: "...... the claimant as a result of the accident of September 9, 1933, suffered a fifty percent partial physical disability which continued at the time of the hearing before the Referee, held August 25, 1937, and is likely to continue for an indefinite period of time, but the board is of the opinion and finds as a fact that the claimant has failed to show, by clear and convincing testimony that his fifty percent partial physical disability has resulted in a loss of earning power within the meaning of the Workmen's Compensation Act of 1915, as amended." This finding of fact was substituted by the board for the reason stated in its opinion, "that the claimant has failed to satisfy the burden of proof required of him and to establish that his proven physical disability has resulted in a loss of earning power."

As we read the record, it appears that claimant is seeking relief under Sec. 434, supra, his object being to set aside the final receipt which he had given his employer and which, under the section of the act cited, is regarded as "prima facie evidence of the termination of

the employer's liability to pay compensation" under the agreement made by them. The burden of proving such facts as would warrant the setting aside of the final receipt rested upon him. This burden he met and the compensation authorities ordered that it be set aside. The board then treated claimant's petition as having been filed under sec. 413, Act of June 26, 1919, P. L. 642, as amended by Act of April 13, 1927, P. L. 186. In doing so, it placed upon claimant the additional burden of proving that the employer's liability to pay compensation had not terminated. In this respect, the board erred. The question raised in the instant case is not one of recurrence or increase of claimant's disability, but rather one of decrease or termination of disability. This being the case, the burden of proof properly rests upon the defendant employer.

The only testimony given in the instant case, is that offered on behalf of the claimant. It appears that at the time of the accident, claimant had been earning on an average of $18.59 per week, as a coal loader and that following his return to work of a lighter nature, he received $24.20 per week. It further appears, however, that the rate of wages for coal loading had been doubled from 36 cents per ton to 72 cents per ton, at the time that claimant returned to work. In other words, the general wage rate for coal loading had increased to such a degree, that, had claimant been able to return to his former work, he would have received $37.18 per week. The board did not consider this factor in determining the question of change in claimant's earning power. It has been indicated (*Bispels v. C. R. Shoemaker, Inc. et al.*, 133 Pa. Superior Ct. 117, 119, 2 A. 2d 35; *Marmon v. Union Collieries Co.*, 135 Pa. Superior Ct. 582, 585, 7 A. 2d 156), that a general change in wage scales for particular types of work, is some evidence in the determination of a change in earning power upon return to work.

Insofar as the question of claimant's physical disability is concerned, there is legally competent evidence to support the board's finding of a 50% disability.

The board made an order that the final receipt be set aside and "that the agreement be reinstated to provide for the payment of compensation as for partial disability; but that all payments thereunder for a partial disability beginning September 24, 1934, be suspended until such time as the claimant can demonstrate a lack of earnings or earning capacity resulting from said partial disability; all within the meanings and limitations of the Workmen's Compensation Act of 1915, as amended."

The legal effect of the board's order, as we construe it, amounts to a finding that the claimant is no longer totally disabled, but is still suffering a partial disability, rendering the employer liable to pay compensation in an amount to be ascertained at some future time. The board undertook to compel claimant to forego all compensation until he should demonstrate a lack of earnings or earning capacity resulting from the partial disability. Such procedure is not authorized by statute. See *Stanella v. Scranton Coal Co.*, 122 Pa. Superior Ct. 506, 186 A. 211. There was no proof or finding that claimant's disability had temporarily ceased, which is the only ground contemplated by the act for suspension of an agreement or award. See *Angelo v. Keystone State Construction Co. et al.*, 134 Pa. Superior Ct. 255, 3 A. 2d 946.

Upon the setting aside of final receipt on the ground of having been improperly obtained, and upon the reinstatement of the compensation agreement, the burden rested upon the defendant employer to prove that claimant's disability had temporarily ceased and that he no longer suffered a loss of earning power. The burden did not rest upon the claimant to show that he had not been restored to his full earning power. See *Carson v.*

*Real Estate-Land T. & T. Co.,* 109 Pa. Superior Ct. 37, 165 A. 677; *Stanella v. Scranton Coal Co.,* supra, 513.

Judgment is reversed and the record remitted to the court below to be returned to the board for further proceedings not inconsistent with this opinion.