## Michetti *v.* State Workmen's Insurance Fund et al., Appellants.

Argued October 22, 1940.

Before Keller, P. J., Cunningham, Bald-
rige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude
T. Reno,* Attorney General, for appellants.

*Alexander F. Barbieri,* for appellee.

Opinion by Hirt, J., January 30, 1941:

This appeal questions claimant's right to an award for partial disability in addition to compensation for a specific loss under §306 (c) of the Workmen's Compensation Act, 77 PS 513.

Claimant was injured on November 17, 1937 when his right hand was caught between two steel rollers. He suffered injuries to the hand resulting in an amputation of the tip of the third finger. Under an open agreement, compensation was paid in full for the loss of the distal phalange of that finger but for no other disability. On Febuary 1, 1938 claimant petitioned for a review of the compensation agreement alleging that he had suffered additional loss. The referee after hearing, found (with other facts not material here): "2. That the claimant has some disability beyond the amputation of the distal phalange as aforesaid, the extent of which was not proven at the time of the hearing in this case." This conclusion must be construed as a finding of fact. *Cartin v. Standard Tin Plate Co.*, 263 Pa. 56, 106 A. 63. On the further finding that claimant was then receiving wages at the same rate as before the injury, the referee made the following order on May 3, 1938: "Therefore compensation is suspended until such time as the claimant proves a loss of earning power." No appeal was taken from this order. Since the award appealed from in this case is referred to and must rest upon the above finding and order, it becomes important to determine their scope and legal effect.

The above finding of fact is open to the valid criticism that it is not specific. In a case of this nature a conclusion of partial disability in addition to a specific loss of a member, should be supported by specific findings of "a destruction, derangement or deficiency in ...... other parts of the body": *Lente v. Luci*, 275 Pa. 217, 119 A. 132; *Flood v. Logan Iron & Steel Co.*, 136 Pa. Superior Ct. 101, 5 A. 2d 621. There should also be competent proof sustaining the finding that the disability did not result solely from the loss of the member

under §306 (c) for which compensation was paid in full. And if an appeal had been taken from the order of May 3, 1938 and presented to the common pleas, the defendants undoubtedly would have been entitled to have had the record returned to the compensation board for specific findings on the subject of additional partial disability. All disability resulting from or related to the permanent injury was compensated by the payments during the statutory period *(Berskis v. Lehigh Val. Coal Co.,* 273 Pa. 243, 116 A. 888) "including all incapacity to labor that may be connected therewith, whether such incapacity be total, partial or no incapacity at all": *Lente v. Luci,* supra.

The difficulty with appellant's present position is that no appeal was taken from the order of May 3, 1938 and therefore it is now too late to say that the order is of no force because not supported by specific findings of fact. To raise that question, it was incumbent on defendant to take an appeal or to petition for a rehearing within the statutory period. *Zerby v. Reading Co.,* 125 Pa. Superior Ct. 397, 189 A. 681. The failure to appeal from that order was a waiver of formal deficiencies in the findings of the referee. Disability which is separate, apart and distinct from that incident to a permanent injury of a class compensated under §306 (c) may be the subject of compensation for additional partial disability under §306 (b) *(Gardner v. Pressed Steel Co.,* 122 Pa. Superior Ct. 592, 186 A. 410) and by the order of May 3, 1938, unappealed from, we must assume that the findings upon which it was predicated were established by competent substantial proof of partial disability not so related to the permanent injury as to be a part of it. The finding implies proof of injury in addition to the specific loss leaving only the question of the "extent" of the "disability" as reflected in loss of earning power. The legal effect of the order suspending compensation "until such time as the claimant proves a loss of earning power" was a finding that the

employer was liable for compensation for partial disability in an amount to be ascertained at some future time. *Stanella v. Scranton Coal Co.,* 122 Pa. Superior Ct. 506, 186 A. 211; *Angelo v. Keystone Constn. Co.,* 134 Pa. Superior Ct. 255, 3 A. 2d 946.

Following the injury on November 17, 1937 claimant returned to his employment with defendant without loss of pay and that may have been the reason for the order of May 3, 1938. It is possible that the order was founded upon the assumption (which does not necessarily follow, *Weinstock v. United Cigar Stores,* 137 Pa. Superior Ct. 128, 8 A. 2d 799) that because claimant received the same wages following the injury, there was no loss of earning power. However, the question of additional compensation was not raised by claimant until after September 8, 1938 when he, because of his disability, was given lighter work as a watchman at wages reduced from $22 to $12 weekly. He then petitioned for a modification of the order of May 3, 1938 alleging that he could demonstrate loss of earning power.

The reduction in wages though not conclusive *(Strickland v. Baugh & Sons Co.,* 139 Pa. Superior Ct. 273, 11 A. 2d 547) is an element to be taken into consideration in determining loss of earning power. *Bispels v. C. R. Shoemaker Inc.,* 133 Pa. Superior Ct. 117, 2 A. 2d 35. The referee had the advantage of seeing claimant and of observing the injury to his hand. Defendant's medical witness did not testify that the additional disability in the hand resulted from the amputated finger. It is for the compensation authorities to decide all questions of fact. *Beals v. State Workmen's Ins. Fd.,* 131 Pa. Superior Ct. 418, 200 A. 178.

There is no formula that can be applied to determine the amount of the loss of earning power with exactness. It is always a question involving the exercise of sound judgment and common sense. "It is difficult for a fact finding body to measure with precision loss of earning

power and it is equally hard for an appellate court to determine whether the evidence produced will sustain the conclusion reached by the referee or board": *Marmon v. Union Collieries Co.*, 135 Pa. Superior Ct. 582, 7 A. 2d. 156. The testimony in this case is not as satisfactory as it might be, but with the fact of partial disability established by the order of May 3, 1938, we are unable to say that the testimony in this proceeding is insufficient as a matter of law to sustain a finding of 25% additional disability.

Judgment affirmed.