Opinion by
 

 Hirt, J.,
 

 Claimant was seriously injured in an accident on November 24,1922. He entered into an open agreement ■with defendant which was modified on June 1, 1924, to provide for compensation for partial disability for a total of 300 weeks. On November 9, 1925 he was committed to the Western Penitentiary following his conviction of a felony and two days later he executed a final receipt terminating compensation payments. In a proceeding brought by claimant while in prison, the receipt was set aside by an order
 
 [1]
 
 of the referee on
 
 *34
 
 October 30, 1926, after hearing; no appeal was taken from that order by either party. Claimant’s term of imprisonment expired on November 9, 1934 and after his discharge, he petitioned for a reinstatement of the compensation agreement. After hearing, a referee found 50% partial disability and made an appropriate award. The board affirmed, with some modification, and the lower court on appeal, entered judgment on the award for compensation for 146 6/7 weeks, beginning as of November 11, 1925, the date of the final receipt. Up to that date, when payments ceased, claimant had been paid compensation for 153 1/7 weeks.
 

 The question on this appeal is whether claimant’s delay of more than eight years is a bar to his right to have the extent of his disability determined and to an award of additional compensation.
 

 We think that the conviction of claimant of a felony and his imprisonment did not affect his right to compensation. When an employer and an employee accept the provisions of the statute their relations become contractual. “What [the employee] acquires by the contract is the right to compensation under the statute for any injury which he may sustain in the course of his employment, and the certainty that, in case of his death from such injury, compensation shall be made to his dependents in the manner by the statute provided”:
 
 Liberato v. Royer & Herr et al.,
 
 81 Pa. Superior Ct. 403. No condition is annexed to the contract, either express or implied, which works a forfeiture of the right to compensation because of a criminal act and imprisonment.
 
 *35
 
 A subsequent violation of tbe law outside of his employment after tbe benefits of tbe contract bad matured, did not affect claimant’s right of recovery.
 

 But even if it be conceded that imprisonment following a conviction of a crime does not bar a claimant, no considerations of public policy can be invoked to perpetuate a convict’s right to compensation without action on bis part, for tbe period of eight years. Tbe Commonwealth is not so solicitous of a prisoner maintained at tbe expense of tbe State. If the procedure, in this case, is to be approved we must find sanction for it within tbe terms of the compensation act. Since tbe act is in derogation of tbe common law, it must be strictly construed within its broad purposes.
 
 Zimmer v. Casey,
 
 296 Pa. 529, 146 A. 130. Some burden, therefore, rested upon claimant to justify bis procedure under the terms of tbe act. This burden has not been met and we are unable to find authority for it. In tbe proceeding to set aside tbe final receipt claimant’s testimony was taken at a bearing held in tbe prison and there is nothing in tbe record indicating that bis incarceration prevented him from prosecuting bis claim to a conclusion after tbe receipt was set aside.
 

 What tbe act contemplates is compensation during a period following tbe injury and, if payments are terminated, for additional compensation for a period following the order of reinstatement. Tbe only ground for suspension of payments of compensation under tbe statute is that disability has temporarily ceased.
 
 Stanella v. Scranton Coal Co.,
 
 122 Pa. Superior Ct. 506, 186 A. 211;
 
 Angelo v. Keystone Constn. Co.,
 
 134 Pa. Superior Ct. 255, 3 A. 2d 946. That part of tbe order of tbe referee suspending payments, therefore, was wholly without statutory support. But that order, unappealed from in accordance with tbe statute, became a final adjudication of claimant’s right to additional compensation for partial disability in an amount to be determined at a then future time.
 
 Michetti v. State
 
 
 *36
 

 Wkm’s Ins. Fund,
 
 143 Pa. Superior Ct. 458, 17 A. 2d 712. Claimant by means of an appeal to the board could have had the extent of his disability determined, followed by an appropriate award. And even after the time for appeal had passed, he could have enforced his rights if he had acted with reasonable promptness.
 

 The fact that claimant was precluded from earning anything while in prison does not bar him. The law contemplates compensation for loss of
 
 earning power,
 
 not for the loss of actual earnings. §306(b), Workmen’s Compensation Act, 77 PS 512;
 
 Henry v. Pittsburgh Railways Co.,
 
 131 Pa. Superior Ct. 252, 200 A. 294. It would not have been difficult for claimant to establish his loss of earning power even though in prison. The nature and extent of his physical disability could have been proven by medical testimony. How his disability was reflected in his ability to work, had been demonstrated in his employment immediately before his imprisonment.
 

 There are limitations on the period during which rights under the various sections of the act may be asserted. Section 315, 77 PS 602, though not a pure statute of limitation, qualifies the time within which the claim petition may be filed.
 
 Guy v. Stoecklein Baking Co.,
 
 133 Pa. Superior Ct. 38, 1 A. 2d 839. Under the second paragraph of §413, 77 PS 772, an agreement or award, except for eye injury, may be modified only within one year from the date of the last payment of compensation. The law does not contemplate that a claimant may come in at any time.
 
 Zupicick v. P. & R. C. & I. Co.,
 
 108 Pa. Superior Ct. 165, 164 A. 731. The fact that the statute does not specifically fix a time limit applicable to the facts in this case is not controlling, for the circumstances are unusual. Where the statute is silent on the subject, the period may be determined by judicial construction consonant with the tenor of the act. Thus the phrase “at any time” applying to the review of an agreement under the first paragraph of
 
 *37
 
 §413, has been construed to mean at any time within the maximum compensable period, that is, within 500 weeks in cases of total disability,
 
 (Gairt v. Curry Coal Min. Co.,
 
 272 Pa. 494, 116 A. 382) and within 300 weeks for partial disability.
 
 Zupicick v. P. & R. C. & I. Co.,
 
 supra. Similarly the phrase “at any time” in §434 of the Act
 
 of June
 
 26, 1919, P. L. 642, relating to the setting aside of a final receipt, was construed to mean within 500 weeks or 300 weeks depending on whether total or partial disability ivas involved.
 
 Lomancik v. Y. and O. Coal Co.,
 
 119 Pa. Superior Ct. 263, 180 A. 731;
 
 Pete v. MacDonald Eng. Co.,
 
 117 Pa. Superior Ct. 605, 178 A. 530.
 

 Our conclusion is that claimant under the act, as applied to the circumstances of this case, was bound to proceed within 146 6/7 weeks from the date of the referee’s order, to have the amount of compensation, due him, determined, and having failed to move within that period, his claim is barred.
 

 The judgment is reversed and directed to be entered for defendant.
 

 [1]
 

 Your referee accordingly orders, adjudges and decrees that final receipt taken under Compensation Agreement No. 1, 349, 392, executed by and between James Stevenson, claimant, and tbe Westmoreland Coal Company, defendant, be set aside, that compensation payments for total or partial disability be suspended as of tbe date of November 11, 1925, and that said agreement
 
 *34
 
 be modified to provide for a declaration of nominal liability upon the part of the defendant, subject to the statutory limitations in such cases made and provided, until such time as the claimant is discharged or released from the Western Penitentiary and resumes employment, at which time, if the claimant should suffer a loss in earnings as a result of his partial disability, compensation payments may be reinstated either by agreement of parties or by petition to the Workmen’s Compensation Board, subject to the statutory limitations in such cases made and provided.