## Feeney v. Needham's Motor Service, Inc., et al.

Before Milner and Mawhinney, JJ.

*Lester J. Schaffer*, for claimant.

*George H. Detweiler*, for defendant.

PER CURIAM, January 19, 1948.—On July 16, 1940, claimant was injured while in the course of his employment as a truck driver for defendant. He suffered, inter alia, a fracture of the left hip. On July 30, 1940, he entered into an open agreement with the insurance carrier for defendant for payment of compensation on

a total disability basis which provided for payment of compensation at the rate of $18 a week. This was based on an average weekly wage of $37.27. The compensation was paid under this agreement for 67 weeks or $1,260.[1]

On January 21, 1942, defendant filed a petition for modification of the compensation agreement with the Workmen's Compensation Board averring that claimant's disability had now changed to the extent that he is able to fill a steady position and ". . . has been working steadily as a clerk . . ." Claimant answered the complaint claiming that his position "is not steady". A hearing was had before a referee who found that claimant is "now working and has been working since October 17, 1941, earning $30 a week, thus suffering a loss in earning power of $7.27 per week". The referee concluded that "claimant's disability has been changed, and defendant's petition for modification should be granted".

On April 14, 1942, an award was made for the payment of 66⅔ percent of $7.27, the loss in earning power, or $4.85 per week, "to continue until such time as claimant's disability shall cease or change in extent within the meaning of the provisions of the Workmen's Compensation Act." On May 11, 1942, the parties entered into a formal agreement that the disability of claimant changed on October 17, 1941, as follows: "On that date employee returned to work and has continued thereat earning $30.00 per week; . . . that on and after October 17, 1941, compensation shall be payable to the said employee at the rate of $4.85 per week, for 235-5/7 weeks . . ."

It was further agreed "that employee made a settlement with the third party responsible for his injury, $1100. of said settlement to be credited to Needham's

---

[1] In addition he was paid for hospital and other medical expenses and for special appliances from time to time. The total of these additional payments ultimately amounted to $2,488.35.

Motor Service, Inc. on account of compensation and medical expense that employee may be entitled to subsequent to 10/17/41."

At the hearing on the petition for modification hereinafter mentioned (December 6, 1946) counsel for claimant stated that "the $1,100 at the rate of $4.85 a week would have been used up at May 2, 1946." It is thus apparent that claimant was really paid in advance for the compensation currently due, and from October 17, 1941, was employed at $30 a week.

On January 22, 1947, the referee awarded compensation at the rate of $18 per week from July 24, 1940, until September 6, 1944, a period of 215 weeks, and, after crediting appellee for payments of $1,306 made under the above agreements, and $1,100 received by claimant in the third-party settlement, or a total of $2,306, there remained due claimant the sum of $1,564, or $18 per week from January 3, 1943, to September 6, 1944, a period of 86-6/7 weeks. The Workmen's Compensation Board awarded accrued interest of $80.13 on $18 per week from January 3, 1943, to September 6, 1944, and also awarded simple interest of $231.94 on the sum of $1,564, from September 6, 1944, to February 14, 1947, the date of payment of the principal.

The present appeal is from the award by the Workmen's Compensation Board of these two interest items. Paragraph 2 of section 410 of the Workmen's Compensation Act, as amended by the Act of June 21, 1939, P. L. 520, reads as follows:

"Whenever any claim for compensation is presented to the board, and is finally adjudicated in favor of the claimant, the amounts of compensation actually due at the time the first payment is made after such adjudication shall bear interest at the rate of six per centum per annum *from the day such claim is presented*, and such interest shall be payable to the same persons as the compensation is payable." (Italics supplied.)

Does the interest begin to run from January 3, 1943, the date to which payments were made or credited under the last adjudication of the board as set forth above, or does it begin April 4, 1946, the date when claimant filed his petition for modification of the previous agreement? We believe the assessment of interest on an award of compensation is intended to be a penalty on a defendant for failure to make prompt payment and to compensate claimant for loss of the use of the money during the period of the delay in the payment thereof caused by defendant.

There appears to be nothing in this case to indicate that defendant purposely delayed any payment, and it was only upon petition of claimant on April 4, 1946, that defendant had knowledge that it would be called upon to pay for a permanent injury. In fact, claimant, at the hearing on December 6, 1946, before the referee, where the testimony was introduced showing he had lost the industrial use of his left leg, testified he was still working as a clerk and earning $40.90 a week.

No act of defendant delayed claimant in the presentation of his claim for total disability as to the use of his leg. Defendant should not be penalized merely because the Workmen's Compensation Board in its judgment awarded compensation for a period preceding the date of petition for modification.

The Workmen's Compensation Act as amended, supra, specifically provides that interest shall be calculated from the date such claim is presented. It is our judgment that the spirit and letter of the Workmen's Compensation Act is met when interest is calculated only from the date the claim is presented, irrespective of what form the petition embodying the claim takes.

In this case, the claim for the total loss of use of claimant's leg was presented as a petition for modification of an agreement based on partial disability. Consequently, the interest should be calculated from the date petition or claim for modification was presented,

i. e., on April 4, 1946 (which was when claimant presented his claim for a change from partial to total disability with respect to the industrial use of his leg) and not from January 3, 1943, when claimant, defendant and the board were agreed that his claim was only for partial disability as to which compensation has been paid.

In an analogous case, Angelo v. Keystone State Construction Co. et al., 134 Pa. Superior Ct. 255, 263, the court said:

"Our general conclusion is that judgment should have been entered upon the award but not for the full amount thereof as calculated by the board—principal $663.40, plus accrued interest to June 1, 1926, $23.35, and plus interest to the date of award, $456, or a total of $1142.75.

"As above indicated, claimant permitted his case to lie dormant for five years and, in our opinion, is not justly entitled to the above mentioned second item of interest.

"A judgment, as of September 15, 1937,—the date of the board's calculation—for the first two items thereof, aggregating $686.75, will give the claimant the compensation to which he is entitled under the letter and spirit of the statute."

We, therefore, sustain defendant's appeal and modify the award of the compensation in the following

### Order

And now, to wit, January 19, 1948, the exceptions of defendants are sustained. Appeal taken in this matter is sustained and the award of the Workmen's Compensation Board is herein modified.

Judgment is entered for William Feeney against Needham's Motor Service, Inc., defendant, and Jamestown Mutual Insurance Company, insurance carrier, for accrued compensation amounting to $1,564, with interest on the above sum from April 4, 1946, until the date of payment.

Judgment is further entered for William Feeney against Needham's Motor Service, Inc., for one half the cost of these proceedings.