Garvin, Appellant, *v.* Philadelphia Transportation Company.

Argued October 6, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Alexander F. Barbieri,* for appellant.

*George H. Detweiler,* for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

Claimant was injured July 12, 1946 when he received a severe electric shock while operating defendant's printing press. He suffered little organic physical injury; his claim for compensation is based wholly on a psychoneurosis stemming from the physical and emotional shock. An open agreement was entered into by virtue of which claimant received compensation until August 18, 1946, and a final receipt was executed October 29, 1946. In April, 1947 claimant petitioned to set aside the final receipt, and four hearings were held thereon, the last in June, 1950. The referee set aside the final receipt as having been signed under a mistake of fact and awarded compensation for total disability for several periods from August, 1946 until July, 1947 and partial disability payments for various periods thereafter, with suspensions when claimant's wages equalled or bettered those prior to his in-

jury. The board sustained the nullification of the final receipt, but ordered termination of compensation as of December 18, 1946, which was the day claimant resumed employment. The court below affirmed the order of the board and entered judgment against the employer for the period August 18, 1946, to December 18, 1946, from which judgment claimant now appeals.

Claimant contends first that the board erroneously placed the burden of proof on claimant to show a continuing disability, whereas, once the final receipt is set aside, the burden shifts to the employer to show termination of disability. *Artac v. Union Collieries Co.*, 140 Pa. Superior Ct. 499, 13 A. 2d 909. Examination of the board's opinion shows no such error. The board analyzed the medical testimony together with claimant's work record and concluded that all disability ended on a specified date. There is no indication that they imposed upon the claimant the burden of proving his continuing disability.

Claimant further contends that there was insufficient competent evidence of a cessation of disability on the indicated date, and that the board refused further compensation because claimant suffered from a neurosis rather than a physical injury. We are convinced that the board and the court below did not err in either of those respects.

The board, in its opinion, clearly did not hold that a neurosis, if caused by accidental injury, is not compensable. Their conclusion was that claimant was suffering from a neurosis *only*—a finding which is undisputed by claimant. The medical testimony fails to show any organic, physical injury. Claimant's rights therefore depend upon whether his continuing nervous disorder was caused by the electric shock he received at employer's printing press.

As the board pointed out, the medical testimony is contradictory; our sole province, therefore, is to ascertain whether the decision is supported by sufficient, competent testimony. *Gaich v. Kerlin Construction Co., Inc.,* 170 Pa. Superior Ct. 535, 539, 85 A. 2d 642. Claimant was examined by five doctors at various times from August, 1946 to June, 1950. Two of these doctors examined him in August, 1946 and declared him normal. Another doctor examined him in September, 1949 and reported a 50% disability based on a neuropathy of the arm and psychoneurosis. The last doctor to examine claimant pronounced him normal. Claimant's own medical witness (a Dr. Leavitt) examined him three times: August, 1946, May, 1947, and February, 1949. Dr. Leavitt's testimony was that claimant suffered from a psychoneurosis which was partially disabling, though improved on each visit, but no visible organic injury. This witness, the one most favorable to claimant, was able to attribute claimant's nervous disorder to the electric injury only on the basis of claimant's own statements as to the origin of his complaints.

In view of the contradictory nature of the medical testimony, the board properly took into consideration the work record of claimant after the accident. His earnings with employer averaged $46.75 a week. On December 18, 1946 he secured employment with another employer at a similar type of work, where his wages were $62.25 a week. He left that job in March, 1947, complaining of back pains and nervousness. He then worked in Trenton, New Jersey from April 28, 1947 to May 27, 1947, where he earned $58.50 a week. His next employment lasted for fourteen months from July 14, 1947 to September 17, 1948 where his wages averaged about $50 a week. Three more jobs followed until the date of the last hearing, at each of which claim-

ant earned wages equal to or better than his agreed prior earnings.

Subsequent wages equal to or greater than prior earnings are not conclusive proof that claimant suffered neither loss of earning power nor any further disability, yet it is evidence to be considered with all the other relevant elements in determining his earning power. *Henry v. Pittsburgh Railways Co.,* 131 Pa. Superior Ct. 252, 200 A. 294; *Leaver v. The Midvale Co.,* 162 Pa. Superior Ct. 393, 57 A. 2d 698. "The proper test to be applied in determining whether the power to earn has been diminished is a claimant's ability to earn wages in any kind of employment for which he is fitted." *Henry v. Pittsburgh Railways Co.,* supra, at page 255. This claimant displayed a definite ability to earn wages in a series of employments over a period of three years after his accident. His given reasons for leaving each of these jobs were either long hours and long travel or back pains and nervousness, which he attributed to the accident. In view of his work and wage record, however, it is possible to arrive at a different conclusion.

It is the province of the board to give weight to the evidence. We will not set aside their ruling unless they have erred in making findings unsupported by sufficient competent and credible evidence. The record discloses more than adequate evidence to support the findings that claimant's disability ceased on the date so determined.

Judgment affirmed.