## Ando v. Duquesne Golf Association

Before McBride, Guffey and Beck, JJ.

*Edward J. Mazeski,* for appellant.

*Louis T. Katusin,* for appellee.

*R. D. Holahan* and *E. S. Lawhorne,* for State Workmen's Insurance Fund.

McBRIDE, J., April 9, 1959.—This is an appeal from an award by the workmen's compensation board. Claimant is a minor who was 12 years old at the time of the accident.

On June 10, 1958, claimant accompanied one of his friends to defendant's golf course. When he arrived there he talked with defendant's caddy master, who assigned claimant to caddy for a guest of the club. The caddy master instructed the boy as to how he was to carry the guest's golf bag, but gave him no further instructions because the boy knew in general how to perform. Claimant understood from the boys who were already caddying that he would receive $2 for 18 holes and this was corroborated by the testimony of the club's manager who said that the rate set up by the club was $1.65 for 18 holes but that the players usually gave the caddies $2.

When the players for whom claimant was caddying reached the sixteenth hole, one of the players hit a ball which struck a tree, bounced off the tree and hit claimant on the head. Claimant suffered a concussion as a result of the blow. He was detained in the hospital for six days and was subsequently confined to his home until school began on September 4 of the same year.

The golf club's manager testified that the caddy master who employed claimant was an overseer of the caddies and that he had the power to instruct them. The manager also said that the club maintained facilities in the form of a building on the course for the use of the caddy master and his caddies.

The referee found that claimant was employed by the club and that while in this employment he suffered a cerebral concussion. On appeal to the workmen's compensation board, the referee was sustained in his findings. In its opinion the board pointed out that claimant had proved his case by the preponderance of the evidence by showing that the caddy master acted within the scope of his authority when he chose claimant to caddy for the club. The board also affirmed the referee in the finding that claimant had sustained his injuries in the course of that employment.

This court must uphold the findings and conclusions of the workmen's compensation board if they are in accordance with The Pennsylvania Workmen's Compensation Act and if its findings are based on substantial credible evidence: Garvin v. Philadelphia Transportation Company, 173 Pa. Superior Ct. 15.

In the present appeal, a careful reading of the testimony convinces this court that the board based its conclusions on proper evidence. Appellant's only objection to the award is based on appellant's contention that because it was a fellow caddy who originally asked claimant to come to the club, the club has not employed claimant. With this contention we can not agree because the fact is plain that although a third person suggested to claimant that he come to the club, it was the caddy master acting for the club who employed claimant and assigned him to his duties. Appellant does not question the proposition that a caddy may be an employe and that it does not matter that an employed caddy is paid directly by a third party rather than by the club. The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, sec. 104, 77 PS §22; Baker v. Juniata Valley Colony Club, 19 W. C. B. 288; Fanning v. Apawana Golf Club, 169 Pa. Superior Ct. 180.

*Order*

And now, to wit, April 9, 1959, the within appeal having been argued before the court en banc, upon full and complete consideration of the entire record, the appeal is dismissed and the findings of fact and conclusions of law of the workmen's compensation authorities are herewith sustained.