## Stevenson, Appellant, *v.* Westmoreland Coal Company.

Argued March 23, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

562

*Wm. M. Kahanowitz*, for appellant.

*Vincent E. Williams*, with him *Alex McConnell*, for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 11, 1942:

This is an appeal from the judgment of the Superior Court in a workmen's compensation case.

The claimant, James Stevenson, was seriously injured in an accident, on November 24, 1922, while he was in the employ of the Westmoreland Coal Company. Claimant and the company entered into an open agreement, dated January 6, 1923, providing for compensation at the rate of $12.00 per week from December 4, 1922. Subsequently, on June 1, 1924, the parties entered into a supplemental agreement, providing for payments for partial disability at the rate of $3.10 per week for a total period of 300 weeks. Payments aggregating $1,-162.37, covering a period of 153 1/7 weeks, had been made to claimant under the agreements when, on November 11, 1925, he executed a final receipt terminating compensation payments as of October 31, 1925. On the date of the receipt, claimant was an inmate of the Western Penitentiary, having been committed to that institution, following his conviction of a felony, on November 9, 1925.

On April 9, 1926, claimant filed a petition to set aside the final receipt on the ground of mistake, to which petition the company filed an answer, and the matter was heard before Referee Charles P. Pearson. The referee found that claimant was suffering a permanent partial disability due to the accident of November 24, 1922, and entered the following order: "Your referee accordingly orders, adjudges and decrees that final receipt taken under Compensation Agreement No. 1,349,392, executed by and between James Stevenson, claimant, and the Westmoreland Coal Company, defendant, be set aside, that compensation payments for total or partial disability be suspended as of the date of November 11, 1925, and that said agreement be modified to provide for a declaration of nominal liability upon the part of the defendant, subject to the statutory limitations in such cases made and provided, until such time as the claimant is discharged or released from the Western Penitentiary and resumes employment, at which time, if the claimant should suffer a loss in earnings as a result of his partial disability, compensation payments may be reinstated either by agreement of parties or by petition to the Workmen's Compensation Board, subject to the statutory limitations in such cases made and provided." From this order, filed October 30, 1926, no appeal was taken by either party.

Upon expiration of his sentence of imprisonment in the Western Penitentiary, on November 9, 1934, and following his discharge, claimant filed a petition, dated January 28, 1935, asking that the compensation agreement, "which was suspended on November 11, 1925", be "reinstated", and stating as follows: "As ground for this petition I allege that subsequent to the said November 11, 1925, I have been released from the Western Penitentiary and am able to establish the nature and extent of my permanent partial disability and my loss in earning capacity and the amount of accumulated compensation due me under the declaration of liability made

564

in the order of the referee dated October 30, 1926." After hearing on this petition and the answer thereto, denying the right of claimant to further compensation, Referee Paul F. Jones found as a fact that "during the 148 weeks' period previous to the expiration of the 300-week period claimant suffered a 50% partial disability" and entered an order directing that payments to claimant be resumed for a period of 148 weeks, commencing as of November 9, 1934, the date of claimant's release from the penitentiary. The Workmen's Compensation Board affirmed the findings and conclusions of the referee but modified the order to provide for compensation for 146 6/7 weeks, from November 11, 1925, the date of the final receipt, rather than from the date of claimant's discharge, with interest. An appeal was thereupon taken to the common pleas, with the result that judgment was entered in favor of claimant on the award, as modified, in the total sum of $1,859.42, and the appeal was dismissed.

On appeal to the Superior Court, the conclusion was reached, in an opinion by Judge HIRT, that while the referee's order of October 30, 1926, was wholly without statutory support, it was, in legal effect, "a final adjudication of claimant's right to additional compensation for partial disability in an amount to be determined at a then future time", no appeal therefrom having been taken by either party. The court held, however, that claimant had forfeited the right to additional compensation given him by the order, as thus construed, by failure to proceed within the general limitations of the workmen's compensation law—500 weeks in the case of total disability and 300 weeks for partial—in the following language: "Our conclusion is that claimant under the act, as applied to the circumstances of this case, was bound to proceed within 146 6/7 weeks from the date of the referee's order, to have the amount of compensation, due him, determined, and having failed to move within that period, his claim is barred." Accordingly, the Su-

perior Court reversed the judgment entered by the common pleas on the award in claimant's favor, and an appeal to this Court was then allowed.

At the outset, we are confronted with this question: "What was the legal effect of the order of October 30, 1926?" As already indicated, the Superior Court thought that it amounted to "a final adjudication of claimant's right to additional compensation for partial disability in an amount to be determined at a then future time", and the court cited the decision in *Michetti v. State Wkm's. Ins. Fund,* 143 Pa. Superior Ct. 458, as sustaining this conclusion. There the referee found that claimant was suffering a partial disability but, on the basis of a finding that he was receiving the same wages at the time as before his injury, entered an order as follows: "Therefore compensation is suspended until such time as the claimant proves a loss of earning power." Following the construction placed upon similar orders in *Stanella v. Scranton Coal Co.,* 122 Pa. Superior Ct. 506, and *Angelo v. Keystone Constn. Co.,* 134 Pa. Superior Ct. 255, it was held that this order had the legal effect of "a finding that the employer was liable for compensation for partial disability in an amount to be ascertained at some future time." The order in each of these cases undertook merely to compel claimant to forego compensation until he should demonstrate a lack of earning capacity resulting from the partial disability, whereas the order in the present case is very different. Here the order did not merely suspend payments of compensation under the agreement, during the period of claimant's imprisonment, but expressly modified the agreement to provide for "a declaration of nominal liability upon the part of the defendant, subject to the statutory limitations in such cases made and provided, until such time as the claimant is discharged or released from the Western Penitentiary and resumes employment." This was, in legal effect, a determination that claimant was not entitled to compensation for the time of his incar-

ceration, as everyone must have understood, in view of the immediately following provision of the order that *"at which time,* if the claimant *should* suffer a loss in earnings as a result of his partial disability, compensation payments may be reinstated." Giving effect to all the terms of this order, the only interpretation that can be placed upon it is that no compensation was to be paid claimant during such part of the 300 weeks the agreement had to run as elapsed during his imprisonment, but that upon his release, before expiration of the agreement, he would be entitled to have payments reinstated for the balance of the unexpired period, and not otherwise. In our opinion, the language used is not reasonably susceptible of any other construction. So construed, the order, unappealed from by either party, is a final adjudication against the right of claimant to additional compensation for the period in question, and not in favor of such right, as the Superior Court held.

The order of October 30, 1926, was clearly improper, as the opinion of Judge HIRT adequately demonstrates. Nevertheless, by failing to appeal therefrom, in accordance with the statute, claimant allowed that order to become res adjudicata against his right to further compensation and is concluded by it in the present proceeding. As the opinion of the Superior Court states: "Claimant by means of an appeal to the board could have had the extent of his disability determined, followed by an appropriate award." In our view of the case, the question as to the application of the general limitations of the Workmen's Compensation Act, under the unusual circumstances here presented, is not properly involved, and need not be considered.

For the reasons above stated, our conclusion is that the judgment of the Superior Court, reversing the judgment in claimant's favor, was proper and must be affirmed.

The judgment of the Superior Court is affirmed.