Wheeling-Pittsburgh Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James Stanley, Respondents.

Argued September 25, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*Francis P. Massco,* for petitioner.

*Patrick F. McArdle,* with him *McArdle, Henderson, Caroselli, Spagnolli & Beachler,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., November 2, 1978:

This is an appeal by petitioner (employer), from an Order of the Workmen's Compensation Appeal Board (Board), which affirmed an order of the referee which denied the employer's request for a termination of benefits for respondent (claimant). We reverse.

On June 23, 1973 claimant suffered a back injury while working at employer's plant where he had worked for 30 years. At the time of his injury he was lifting 30 inch bricks for use in the relining of a furnace.

On July 23, 1973 claimant entered into a compensation agreement with the employer which called for weekly payments of $100.

On November 20, 1973 claimant committed a rape, a crime to which he later pled guilty.

On November 23, 1973 claimant was arrested for the rape charge. His bond was set at $20,000 which he did not post.

On February 1, 1974 the employer filed a Petition for Termination on ground of changed disability. The Petition alleged that the claimant's disability terminated on November 23, 1973, the date of his arrest.

On May 13, 1974 claimant entered a guilty plea for the charge of rape and aggravated assault. Claimant's bond was raised to $50,000 and he returned to the Washington County jail.

On September 27, 1974 he was given concurrent sentences of 5 to 10 years for aggravated assault and

7½ to 15 for rape. He is serving this time in Western Penitentiary.

One of the referee's findings of fact was:

Seventh: The defendant-employer has not shown that there are any jobs available to the claimant that the claimant is capable of performing. The testimony of Mr. Rone and Mr. DeCurtis, which the Referee accepts as fact, established that each of the jobs that the claimant would have been eligible for required at least one of the restricted activities mentioned by Dr. Cipriani.

Referee Darden found compensation due. The Board affirmed. This appeal followed.

The controlling issue in this case is whether a convicted felon, who is incarcerated, is entitled to receive Workmen's Compensation benefits when the employer has shown that were the claimant not in prison there would be work available to him which he could perform with no loss of earnings. We hold that he is not so entitled.

It is our opinion that the employer presented ample testimony that were claimant not in Western Penitentiary he could have bid into "light duty" jobs which were available plantwide. These were jobs which claimant with his diminished physical capabilities could have performed.

This Court feels that the Referee's finding of fact number 7 is not supported by adequate testimony. The employer presented testimony to show that three oiler jobs were available on July 5, 1975. Claimant's seniority would have won him this job (the successful applicant had three fewer years than claimant). Furthermore, in 1974 three general office janitor bids

went up. All of the men filling those positions had less seniority than claimant.

Clearly, the employer has met his burden of showing that there were jobs available to the claimant. The only question remaining is whether there is credible testimony in the record that claimant was incapable of working in those available jobs. We feel there is not.

The deposition on December 19, 1974 by Dr. Alphonse J. Cipriani on behalf of claimant was nonspecific regarding claimant's ability to perform janitorial or oiler jobs. We know generally from this that claimant's back caused him problems:

> His prognosis in my opinion is that he is going to have intermittent exacerbations of his low back, dysfunction. That is the first one. And secondly, he—he runs a higher risk than normal of hurting another lumbar disc or rather herniating another lumbar disc.

The most specific Dr. Cipriani got was when he stated:

> In terms of industrial capabilities, it is my opinion that any work that he would have to do any excessive lifting of heavy items and by heavy items, I mean everything over 15 or 20 pounds or any excessive bending, the bending of the back that he would have difficulty with that.

This, in our opinion, does not adequately support the referee's finding number 7. The record contains an uncontradicted account of the rape. We will not recount the violent, gruesome details, which included overcoming the 24 year old victim's active resistance, handcuffing her in the back seat of a car, and tearing off her clothes. It overtaxes a reasonable person's credulity that a man who could admit performing such violent acts could, at the same time, establish that he

had such a weak back that he could not perform the duties of a general office janitor!

We do not have to resolve the question of whether claimant's incarceration alone would be grounds for termination on the theory that it was the incarceration that was preventing return to work and not any disability. There is dicta in *Stevenson v. Westmoreland Coal Co.*, 146 Pa. Superior Ct. 32, 21 A.2d 468 (1941), *aff'd*. 344 Pa. 561, 26 A.2d 199 (1942) and *McKinney Manufacturing Corp. v. Straub*, 9 Pa. Commonwealth Ct. 79, 305 A.2d 59 (1973) which states that incarceration alone is not disqualifying.

Accordingly, we will enter the following

ORDER

AND Now, November 2, 1978, the order of the Workmen's Compensation Appeal Board at No. A-71912 dated August 18, 1977, is hereby reversed and the Petition to Terminate is hereby granted. It is directed that judgment be entered in favor of petitioner, Wheeling-Pittsburgh Steel Corp., and against respondent, James Stanley, granting the prayer of the Petition to Terminate.