David J. BANIC, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (TRANS–BRIDGE LINES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 4, 1995.

Decided Aug. 30, 1995.

Reargument Denied Oct. 13, 1995.

Thomas M. Smith, for petitioner.

Anthony J. Bilotti, for respondent.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

David J. Banic (Claimant) appeals from an order of the Workmen's Compensation Appeal Board that reversed the decision of the workers' compensation judge (WCJ) dismissing the suspension petition filed by Trans–Bridge Lines, Inc. (Employer) and The PMA Group and ordering Employer to continue paying Claimant total disability benefits. The Board held that the referee erred because Section 306(a)(2) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended* by Section 8 of the Act of July 2, 1993, P.L. 190, No. 44 (commonly referred to as "Act 44"), 77 P.S. § 311(2), authorized Employer to stop paying total disability benefits to Claimant during the period of his incarceration following conviction.[1]

---

1. Section 306(a) of the Act provides in pertinent part:

The following schedule of compensation is hereby established:

(1) For total disability, sixty-six and two-thirds per centum of the wages of the injured employe as defined in section three hundred and nine beginning after the seventh day of total disability, and payable for the duration of

**I**

Claimant sustained a work-related injury to his back on April 6, 1992 and received total disability benefits pursuant to a notice of compensation payable. On July 12, 1993, Claimant pleaded guilty to the federal offense of "transfer of firearm knowing it to be used to commit crime of violence" and was convicted. After receiving an order from the United States District Court for the Eastern District of North Carolina indicating that Claimant was sentenced to twenty-seven to thirty-three months of incarceration commencing September 1, 1993, Employer ceased paying benefits to Claimant as of his incarceration date. On October 6, 1993, Employer filed a suspension petition, and Claimant filed a penalty petition on November 12, 1993 based upon Employer's alleged violation of the Workers' Compensation Act by unilaterally ceasing payment of benefits.

In denying Employer's petition, the WCJ determined that the provisions of Section 306(a)(2) are substantive and therefore Employer violated the Workers' Compensation Act by applying the section retroactively and suspending Claimant's benefits without a hearing. The WCJ denied Claimant's penalty petition, however, because "the legislature did not make clear the procedure to be taken in a situation where an employee was incarcerated after a conviction." Referee decision, p. 5. Claimant and Employer appealed to the Board.[2]

■ The Board interpreted Section 306(a)(2) as affecting only those claimants who commenced a jail sentence on or after September 1, 1993 regardless of whether their injuries were incurred prior to the effective date of Act 44. The Board also determined that Employer's actions did not constitute a unilateral supersedeas in violation of the Workers' Compensation Act because nonpayment of benefits to a jailed claimant does not present a supersedeas situation, and Employer's actions were not based on Employer's discovery of Claimant's physical presence in jail but upon its receipt of a court order indicating the date Claimant would be incarcerated.[3]

On appeal to this Court, Claimant argues that the Board incorrectly interpreted and applied the law in Pennsylvania because prior to the effective date of Act 44, the Workers' Compensation Act did not provide for the suspension of payments to an incarcerated and totally disabled claimant, and the substantive provisions of Section 306(a)(2) constitutes a change in the law not applicable to his entitlement to benefits. Claimant specifically asserts that Section 306(a)(2) is not applicable to him because Section 26 of Act 44 expressly states that it is not to be applied

total disability, but the compensation shall not be more than the maximum compensation payable as defined in section 105.2. Nothing in this clause shall require payment of compensation after disability shall cease. If the benefit so calculated is less than fifty per centum of the Statewide average weekly wage, then the benefit payable shall be the lower of fifty per centum of the Statewide average weekly wage or ninety per centum of the worker's average weekly wage.

(2) Nothing in this act shall require payment of compensation for any period during which the employe is incarcerated after a conviction. The legislature established the effective date of Act 44 as August 31, 1993, *see* Section 27 of Act 44; the legislature further provided that "[n]o changes in indemnity compensation payable by this act shall affect payments of indemnity compensation for injuries sustained prior to the effective date of this section." Section 26 of Act 44.

**2.** The Department of Labor and Industry, Bureau of Workers' Compensation (Bureau) entered its appearance in the case while it was pending

before the WCJ and appealed the WCJ's decision to the Board on the basis that penalties should have been assessed against Employer for taking an automatic supersedeas on September 1, 1993 in direct violation of the Workers' Compensation Act. The Bureau also appealed the Board's decision to this Court but withdrew its appeal prior to oral argument on this case. This Court therefore will not address Employer's assertion that the Bureau's participation in the adjudication of the penalty petition before the WCJ and Board constituted an improper commingling of prosecutorial and adjudicative functions.

**3.** This Court's scope of review of an order of the Workmen's Compensation Appeal Board is limited to determining whether constitutional rights were violated, an error of law was committed or findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992); *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

to benefits payable prior to the effective date of Act 44, and Claimant was validly receiving benefits prior to August 31, 1993. Claimant further contends that application of the substantive provisions of Act 44 to him would also be giving retroactive effect to a substantive provision of the law in violation of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, and the precedent this Court set forth in, among other cases, *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973).

This Court must initially decide whether Section 306(a)(2) is applicable to Claimant since he received total disability benefits prior to the effective date of Act 44 but was incarcerated after Section 306(a)(2) became effective. This Court must also decide whether the referee erred in dismissing Claimant's penalty petition as Employer stopped paying benefits prior to any decision by a WCJ.

## II

■ The procedure for obtaining modification of benefits is governed by Section 413 of the Workers' Compensation Act, 77 P.S. § 772, which provides in part:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

Generally, a suspension of benefits is appropriate where a claimant's earning power is no longer affected by his or her disabling injury. *Pieper v. Ametek–Thermox Instruments*

*Div.*, 526 Pa. 25, 584 A.2d 301 (1990). It is axiomatic in the workers' compensation field that the word "disability" is synonymous with loss of earning power. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

■ Where an employer unilaterally suspends a claimant's benefits based upon a change in the claimant's disability without filing a petition or submitting an agreement, the employer may be subject to penalties provided for in Section 435 of the Workers' Compensation Act, 77 P.S. § 991. Section 413(b) of the Act, 77 P.S. § 774.1; *Arnott v. Workmen's Compensation Appeal Board (Sheehy Ford Sales, Inc.)*, 156 Pa.Commonwealth Ct. 167, 167, 627 A.2d 808 (1993), *appeal denied*, 537 Pa. 624, 641 A.2d 589 (1994).

For many years, the law in Pennsylvania was unsettled as to whether a claimant's incarceration represents a disqualifier from benefits on the premise that it was the incarceration and not a work injury that caused a loss of earning power. *See Wheeling–Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board*, 38 Pa.Commonwealth Ct. 370, 395 A.2d 586 (1978). *Compare with McKinney Mfg. Corp. v. Straub*, 9 Pa.Commonwealth Ct. 79, 305 A.2d 59 (1973) (noting that incarceration will not work a forfeiture of workers' compensation benefits); *Stevenson v. Westmoreland Coal Co.*, 146 Pa.Superior Ct. 32, 21 A.2d 468 (1941), *aff'd*, 344 Pa. 561, 26 A.2d 199 (1942) (indicating that a claimant's felony conviction and subsequent imprisonment does not affect his or her right to receive benefits).

■ With the enactment of Act 44, the Legislature removed any doubt concerning the disqualifying effect incarceration, in and of itself, has upon a claimant's entitlement to benefits during the period of incarceration.[4]

---

4. Thus where the basis for suspension is incarceration, an employer is no longer required to establish that the cause of the claimant's removal from the job market is incarceration and not a work injury. *See McKinney Mfg. Corp.* Consequently, the employer is likewise not required to satisfy the procedures governing a claimant's return to work set forth in *Kachinski*. The Supreme Court in *Kachinski* provided the following

analysis for application of Section 413 of the Workers' Compensation Act:
1. The employer who seeks to modify a claimant's benefits *on the basis that he has recovered some or all of his ability* must first produce medical evidence of a change in condition.
2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational catego-

Furthermore, the mandatory language of Section 306(a)(2) manifests a legislative determination that the provision is self-executing. *See Perruso v. Township of Palmer,* 141 Pa.Commonwealth Ct. 520, 596 A.2d 292 (1991) (statutory language is self-executing where it is mandatory, requiring no further action to be enforceable). The proper focus in determining Claimant's entitlement to benefits is therefore whether he became incarcerated after the effective date of Act 44 and as a result exempt from benefits pursuant to Section 306(a)(2).

Claimant's argument that the application of Section 306(a)(2) to him constitutes an impermissible retroactive application of a substantive change in the law misperceives both the Workers' Compensation Act and its amendments. The Court is also not persuaded by Employer's argument to the contrary that Section 306(a)(2) represents a procedural change in the law and therefore that Claimant's substantive rights are not affected.

■■■ This Court recognizes that it may not construe legislation which affects substantive rights as applying retroactively in the absence of clear legislative intent to that effect, *see* 1 Pa.C.S. § 1926, *Borman v. Workmen's Compensation Appeal Board (Bechtel Constr., Inc.),* 164 Pa.Commonwealth Ct. 500, 643 A.2d 780 (1994), *Universal Cyclops Steel Corp.;* and legislation which affects a claimant's entitlement to benefits is legislation which affects a substantive right. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). However,

the Court is also guided by the Supreme Court's recent directive that the status of totally disabled claimants is not to be considered fixed but is subject to change. *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries),* 536 Pa. 490, 640 A.2d 386 (1994).[5]

■■■ The application of Section 306(a)(2) to Claimant's entitlement to benefits is prospective, not retroactive, because the application of legislation is prospective when the event triggering a party's request for relief occurs after the effective date of the legislation. *See Bell v. Koppers Co., Inc.,* 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978) ("when substantive rights are involved, the applicable law must be that which is in effect at the time the cause of action arises"). This Court has defined "cause of action" as "the facts which establish or give rise to a right of action, the existence of which upholds a party's right to judicial relief." *Saft v. Upper Dublin Township,* 161 Pa.Commonwealth Ct. 158, 163, 161 Pa.Cmwlth. 158, 636 A.2d 284, 286 (1993).

Section 306(a)(2) became effective prior to Claimant's status change from totally disabled and entitled to benefits pursuant to a notice of compensation payable, to incarcerated following a conviction and exempt from benefits pursuant to Section 306(a)(2). The event which gave rise to Employer's right to a suspension of benefits was Claimant's change in status. Hence, Section 306(a)(2) was applied to an event occurring after the effective date of Act 44—Claimant's incarcer-

ry for which the claimant has been given medical clearance, *e.g.,* light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.,* 516 Pa. at 252, 532 A.2d at 380 (emphasis added).

5. The Supreme Court expressly recognized the fluctuating nature of some claimants' entitlement to benefits when it altered the burden of proof for a claimant seeking to modify benefits from partial to total disability based upon economic rather than medical reasons. The Court emphasized that "[u]nlike factual determinations made in cases litigated in the courts ... determinations

of the status of an injured employee's disability are subject to change." *Id.* at 500, 640 A.2d at 391.

*Cf. Montgomeryville Airport, Inc. v. Workmen's Compensation Appeal Board (Weingrad),* 116 Pa.Commonwealth Ct. 433, 541 A.2d 1187 (1988) (the obligations of employers to pay benefits to dependents of a deceased employee are fixed by the statute in force at the time of the deceased's work-related injury and are therefore not subject to subsequent substantive change in the law despite changes to the status of the dependents); *Culp Indus. Insulation v. Workmen's Compensation Appeal Board,* 57 Pa.Commonwealth Ct. 599, 426 A.2d 1263 (1981) (the rate of compensation is fixed by the law in effect at the time of the injury).

ation. The Board therefore properly reversed the WCJ's denial of Employer's suspension petition since the status of Claimant changed after the effective date of Act 44.

### III

The WCJ's denial of Claimant's penalty petition must also stand. This Court has consistently held that no penalty may be imposed pursuant to Section 435(d)(i) of the Workers' Compensation Act, 77 P.S. § 991(d)(i) (permitting the imposition of penalties for violations of provisions of the Act), where a claimant failed to establish a violation of the Act or rules promulgated by the Department of Labor or the Board. *Spangler v. Workmen's Compensation Appeal Board (Ford),* 145 Pa.Commonwealth Ct. 56, 602 A.2d 446 (1992); *Crangi Distributing Co. v. Workmen's Compensation Appeal Board,* 17 Pa.Commonwealth Ct. 530, 333 A.2d 207 (1975).

■■■■■ Employer did not violate the Workers' Compensation Act or rules promulgated by the Department or the Board. The legislature did not amend the Workers' Compensation Act to require submission of a suspension petition to obtain authorization for the cessation of benefits upon a claimant's incarceration, as opposed to change in a claimant's disability. Although this Court does not generally endorse an unauthorized supersedeas, *Arnott,* in this instance Employer possessed a statutory basis upon which to unilaterally suspend benefits: the self-executing provision of Section 306(a)(2) coupled with the order of the United States District Court requiring Claimant's incarceration as of September 1, 1993. Furthermore, this case does not present the typical supersedeas situation because Employer's predicament was created by the legislature's failure to provide clear guidance or procedures for employers to obtain timely authorization for the cessation of benefits to incarcerated claim-

ants; moreover, Employer is obliged, assuming Claimant remains totally disabled, to unilaterally recommence payment of benefits upon Claimant's release from jail.

While this Court cannot surmise that the legislature intended to permit employers to unilaterally suspend payment of benefits to incarcerated claimants without first obtaining authorization from a WCJ, no rules have been promulgated to comprehensively achieve the legislature's purpose in enacting Section 306(a)(2) as a self-executing provision or to serve as authority for imposing penalties against employers acting under similar circumstances. Claimant, consequently, has failed to establish Employer's violation of the Workers' Compensation Act and any entitlement to penalties pursuant to Section 435(d)(i).[6] The order of the Workmen's Compensation Appeal Board is affirmed.

### *ORDER*

AND NOW, this 30th day of August, 1995, the order of the Workmen's Compensation Appeal Board is affirmed.

DOYLE, Judge, dissenting.

As the majority opinion points out in the last sentence of footnote 1 (slip. op. at p. 2), Section 26 of Act 44[1] provides that:

No *changes* in indemnity compensation payable by this act shall affect payments of indemnity compensation for *injuries* sustained prior to the effective date of this section. (Emphasis added.)

I believe that this language is clear and unambiguous and requires this Court to hold that Banic's compensation for the injury he sustained on April 6, 1992, before Act 44 was enacted into law on July 2, 1993, remains unaffected by the addition of Section 306(a)(2) to the Worker's Compensation Act.[2]

While our case law authority is not a "model of clarity" on the issue of whether incar-

---

6. The Bureau took the position before the WCJ and the Board that Employer took an automatic supersedeas in violation of the due process clause of the United States Constitution as interpreted in *Baksalary v. Smith,* 579 F.Supp. 218 (E.D.Pa.1984). The Bureau apparently abandoned this position as it withdrew its appeal from the Board's decision.

1. Act of July 2, 1993, P.L. 190, No. 44.

2. Act of June 2, 1915, P.L. 736, *as amended,* by Section 8 of Act 44, 77 P.S. § 511(a)(2).

ceration *alone* is sufficient cause to suspend compensation benefits,[3] I do not believe that Employer is totally correct in stating that only *dicta* supports the contention that incarceration alone will *not* provide grounds for a suspension. It is, of course, beyond peradventure that there is no case law authority establishing that incarceration alone *does* provide grounds to enter a suspension. In *Wheeling–Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board,* 38 Pa.Commonwealth Ct. 370, 395 A.2d 586 (1978), the case most directly on point, it was the established fact that the employer proffered suitable employment to the claimant one year *after* he became incarcerated for not making bail on charges of rape, a crime for which he was subsequently convicted, which triggered the suspension. Had incarceration alone been sufficient there would have been no need for the employer to offer suitable employment to the claimant to begin with, and the *holding* in *Wheeling–Pittsburgh Steel* was that it was the proffered employment which supported the decision to suspend benefits.

While this issue may have gone definitively unresolved until the passage of Act 44, and has now been resolved by the clear expression of the General Assembly in the adoption of Section 306(a)(2) of the Act, just as clear is the General Assembly's intent by Section 26 of Act 44 that the amending provisions of Act 44, including Section 306(a)(2), were not intended to have a retroactive effect.

And, even if Section 26 were not so explicitly clear, as I believe it is, Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926, states that:

> No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly.

**3.** The brief of the Department of Labor and Industry, Bureau of Workers' Compensation (Bureau), asserts in footnote 2 on page 8:

> All of the parties involved are in basic agreement that prior to Act 44, incarcerated claimants had the right to receive compensation benefits; employers could not unilaterally suspend benefits simply because of the fact of a claimant's incarceration.

> This statement is contested, of course, by the brief of Trans–Bridge Lines, Inc., the Employer, but the statement of the Bureau, I believe, is

I, therefore, respectfully dissent from the conclusion reached by the majority and would reverse the order of the Board.

nevertheless indicative of what the practice was prior to the passage of Act 44. The basis for the Bureau's assertion that there was "agreement" among all of the parties was in all likelihood predicated upon the brief of Employer before the Board which stated that Section 306(a)(2) was "passed to cure a defect in the Workers' Compensation system" and that "in passing Act 44, the legislature clearly sought to remedy the evil of convicted incarcerated and convicted felons receiving workmen's compensation benefits when incarcerated."