### CUMMINGS LUMBER COMPANY,
### Petitioner,

### v.

### WORKMEN'S COMPENSATION
### APPEAL BOARD (YOUNG),
### Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1995.

Decided Dec. 22, 1995.

Raymond E. Ginn, Jr., for petitioner.

No appearance for respondent.

Before COLINS, President Judge, McGINLEY, J., and MIRARCHI, Senior Judge.

COLINS, President Judge.

Cummings Lumber Company (Cummings) petitions for review of the May 1, 1995 decision of the Workmen's Compensation Appeal Board (Board), affirming the workers' compensation judge's (WCJ) dismissal of Cummings's suspension petition. We reverse.

In July 1994, Cummings requested that compensation to its injured worker, Eugene Young, be suspended for the reason that Young had been convicted of a crime in August of 1991 and incarcerated. In making this request, Cummings relied on Section 306(a)(2) of the Workers' Compensation Act

(Act),[1] effective August 31, 1993, which provides, in pertinent part: "Nothing in this act shall require payment of compensation for any period during which the employe is incarcerated after a conviction." The WCJ dismissed the petition based on his conclusion that Section 306(a)(2), as amended, applied only to claimants incarcerated after the effective date of the amendment. The Board affirmed.

■ Our review on appeal is limited to violations of constitutional rights, errors of law, and whether the referee's findings are adequately supported by substantial, competent evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Statutes must be given prospective effect unless the General Assembly clearly and manifestly intended the law to be construed retroactively. *See* Statutory Construction Act of 1972, 1 Pa.C.S. § 1926. In the context of Young's incarceration, prospective application of the law prevents suspension of Young's benefits for any period of incarceration before the amendment's effective date. Prospective application of the Act does not preclude suspension of benefits after the effective date, regardless of when the employee was first incarcerated.

■ In support of its claim, petitioner cites cases decided before the effective date of the 1993 amendments in which benefits were suspended when the incarcerated claimant was prevented from taking available work. *See e.g., Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 134 Pa.Cmwlth. 31, 578 A.2d 69 (1990), *petition for allowance of appeal denied,* 527 Pa. 652, 593 A.2d 423 (1991); *Wheeling–Pittsburgh Steel Corporation v. Workmen's Compensation Appeal Board,* 38 Pa.Cmwlth. 370, 395 A.2d 586 (1978). In another case, *Raymond v. Workmen's Compensation Appeal Board (Donolo Masonry Construction),* 659 A.2d 657 (Pa.Cmwlth.1995), we upheld suspension of benefits where incarceration prevented a claimant from submitting to an independent medical exam, after finding that incarceration does not constitute reasonable cause or excuse for failure to attend the scheduled examination. With the 1993 amendments, as of August 31, 1993, an em-

ployer is now entitled to suspension of benefits during the applicable periods of incarceration. While incarcerated, the claimant is not available to accept work; therefore the claimant's wage loss is caused by the incarceration, not the disability.

Most recently, we addressed the prospective application of Section 306(a)(2) in *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.),* 664 A.2d 1081 (Pa.Cmwlth.1995). The claimant in *Banic* was receiving total disability benefits when he was convicted in July 1993 and incarcerated on September 1, 1993. The Court found that application of Section 306(a)(2) in that case was prospective, not retroactive, because the event triggering the employer's request for relief occurred after the effective date of the legislation. *Id.* The reasoning in that case does not preclude the result in the instant case, where the claimant was incarcerated prior to the effective date of the legislation.

Although we recognized in *Banic* that Section 306(a)(2) affects a claimant's substantive rights, we also noted the status of disabled claimants is not fixed, but rather subject to change. Young's entitlement to benefits in the first instance was established under the applicable law in effect at the time the cause of action arose. Section 306(a)(2) does not represent a change in substantive law; rather it imposes new procedures on the enforcement of substantive rights. Before the effective date of the 1993 amendments, an employer had the right to petition for suspension on grounds including a change in the status of the claimant's disability, the claimant's failure to submit to an independent medical examination, the claimant's failure to accept available work, and others. Since August 31, 1993, the employer can assert the claimant's incarceration as a basis for suspension.

Accordingly, the decision of the Board is reversed, and Young's benefits are suspended as of August 31, 1993 for the period of his incarceration.

### ORDER

AND NOW, this 22nd day of December, 1995, the decision and order of the Work-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77  P.S. § 511(2).

men's Compensation Appeal Board in the above-captioned matter is reversed, and Young's benefits are suspended as of August 31, 1993 for the period of his incarceration.