**Joseph JULIANO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CUSTODIS– COTTRELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 16, 1996.

Decided Oct. 22, 1996.

John A. Bednarz, Jr., Wilkes Barre, for Petitioner.

Mark T. Gallagher and Carol Lynn Wallinger, Philadelphia, for Respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

SMITH, Judge.

Joseph Juliano (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that reversed a decision of the Workers' Compensation Judge (WCJ) and held that Section 306(a)(2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended* by Section 8 of the Act of July 2, 1993, P.L. 190 (commonly referred to as "Act 44"), 77 P.S. § 511(2), applies to an injured employee who was later incarcerated upon conviction of a crime prior to August 31, 1993, the date Act 44 went into effect. The issue presented is

whether the Board's suspension of Claimant's benefits pursuant to Section 306(a)(2) amounts to an illegal retroactive cessation of Claimant's substantive right to workers' compensation benefits.

On September 10, 1987, while working for the Custodis–Cottrell Company (Employer), Claimant sustained a compensable injury to his right knee; he subsequently began receiving workers' compensation benefits pursuant to a notice of compensation payable. On September 7, 1993, Employer filed a petition for the suspension of Claimant's benefits alleging that because Claimant was incarcerated in the State Correctional Institution in Dallas, his workers' compensation benefits should be suspended.[1] Employer relied on Section 306(a)(2) of the Act which provides: "Nothing in this act shall require payment of compensation for any period during which the employe is incarcerated after a conviction." The WCJ, while acknowledging Section 306(a)(2), nevertheless found that there were alternatives to an outright suspension and ordered that one-half of Claimant's benefits be paid directly to Claimant's family and one-half be paid to the Department of Corrections to defray the costs of Claimant's food, clothing and shelter.

The Board reversed and held that Section 306(a)(2) is applicable despite the fact that both Claimant's injury and incarceration pre-dated the enactment of Act 44. The Board stated that the application of Section 306(a)(2) is not an illegal retroactive application of the law because Claimant's incarceration has changed his status insofar as he is deemed to have voluntarily and intentionally withdrawn from the labor market. The Board further stated that Section 306(a)(2) does not change Claimant's rights to future benefits following his release.[2]

Claimant contends that Section 306(a)(2) does not apply to this case because it affects his entitlement to benefits or a vested substantive right and that it may not be construed retroactively in the absence of clear legislative intent to that effect. This precise issue was recently addressed by the Court in *Cummings Lumber Co. v. Workmen's Compensation Appeal Board (Young)*, 669 A.2d 1027 (Pa.Cmwlth.1995). In that case, the Court noted the well-established principle of statutory construction that "[s]tatutes must be given prospective effect unless the General Assembly clearly and manifestly intended the law to be construed retroactively." *Id.* at 1028.

Although the Court stated that prospective application of this law prevents suspension of a claimant's benefits for any period of incarceration before Act 44's effective date, the Court further stated that "[p]rospective application of [Act 44] does not preclude suspension of benefits after the effective date, *regardless of when the employee was first incarcerated.*" *Cummings Lumber Co.*, 669 A.2d at 1028 (emphasis added). In addition to citing several previous decisions that upheld the suspension of benefits based upon incarceration of the claimant, the Court examined the effect of the Act 44 amendments:

With the 1993 amendments, as of August 31, 1993, an employer is now entitled to suspension of benefits during the applicable periods of incarceration. While incarcerated, the claimant is not available to accept work; therefore the claimant's wage loss is caused by the incarceration, not the disability.

Most recently, we addressed the prospective application of Section 306(a)(2) in *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.)*, 664 A.2d 1081 (Pa.Cmwlth.1995) [*appeal granted*, 544 Pa. 670, 677 A.2d 840 (1996) ]. The claimant in *Banic* was receiving total disability benefits when he was convicted in July 1993 and incarcerated on September 1, 1993. The Court found that application of Section 306(a)(2) in that case was prospective, not retroactive, because the event triggering the employer's request for relief occurred after the effective date of the

---

1. Claimant has been incarcerated at SCI–Dallas since January 3, 1989; and he receives an annual benefit of $18,772.

2. The scope of this Court's review of a decision of the Board is limited to determining whether necessary findings are supported by substantial evidence in the record or whether there was an error of law or a constitutional violation. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

legislation. *Id. The reasoning in that case does not preclude the result in the instant case, where the claimant was incarcerated prior to the effective date of the legislation.*

Although we recognized in *Banic* that Section 306(a)(2) affects a claimant's substantive rights, we also noted the status of disabled claimants is not fixed, but rather subject to change.... *Section 306(a)(2) does not represent a change in substantive law; rather it imposes new procedures on the enforcement of substantive rights....* Since August 31, 1993, the employer can assert the claimant's incarceration as a basis for suspension.

*Cummings Lumber Co.,* 669 A.2d at 1028 (emphasis added).

Despite the clear language of *Cummings Lumber Co.,* Claimant nonetheless maintains that the Court in that case illegally applied Section 306(a)(2) in a retroactive manner. Claimant further contends that in doing so the Court failed to apply properly the rules of statutory construction regarding the presumption against retroactive effect of statutory amendments. This Court disagrees.

As the Court noted in *Cummings Lumber Co.,* Section 306(a)(2) does not operate retroactively to deny compensation benefits accruing before its effective date but instead denies benefits to the claimant based upon his or her deemed voluntary and intentional removal from the work force due to incarceration on or after August 31, 1993. The denial of benefits is based upon the claimant's temporary status of unavailability for work and does not alter the claimant's substantive right to benefits.[3] The date the claimant was initially incarcerated is irrelevant. "[A] statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment." *Gehris v. Department of Transportation,* 471 Pa. 210, 215, 369 A.2d 1271, 1273 (1977).

This Court finds further support for the rationale in *Cummings Lumber Co.* in the Supreme Court's decision in *Creighan v. City of Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957), where a fire fighter sued his employer for disability benefits under the newly enacted Act commonly known as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §§ 637–638. The employer in that case argued that the Heart and Lung Act was prospective only in its operation and claimed that because the claimant had contracted a covered illness two years before the effective date of the Heart and Lung Act, applying the statute to his claim would represent a retroactive application.

The *Creighan* Court specifically rejected the employer's argument and stated:

A recognition of appellee's claim does not require that we place a retroactive construction on the Act, but simply that we apply the Act *to a condition which existed on the date when the Act became effective even though such condition resulted from events which occurred prior to its effective date.*

*Id.,* 389 Pa. at 575, 132 A.2d at 870 (emphasis added). In summary, this Court concludes that *Cummings Lumber Co.* is factually indistinguishable from the case sub judice and therefore is controlling. The application of Section 306(a)(2) has no retroactive effect on Claimant's substantive right to compensation based on his injury. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 22nd day of October, 1996, the order of the Workmen's Compensation Appeal Board is hereby affirmed.

---

**3.** Claimant's reliance on *Bible v. Department of Labor and Industry,* 663 A.2d 837 (Pa.Cmwlth. 1995), is misplaced. In *Bible* the Court held that a 1995 amendment to the Act was unconstitutional because it materially affected the claimants' substantive rights to hearing loss benefits where the hearing loss had occurred prior to the effective date of the amendment. The present case is readily distinguishable because Claimant's basic substantive right to compensation

upon his release from incarceration is not affected by Section 306(a)(2).

Furthermore, Claimant is incorrect in his assertion that benefits should continue unless Employer files a petition to terminate or modify and prove Claimant's lack of total disability and job availability, along with an offer of employment to Claimant on which he failed to follow through due to bad faith. No such requirement is imposed upon Employer under Section 306(a)(2).