**John DEL VALLE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PENNSYLVANIA DEPARTMENT OF EDUCATION and Phico Insurance), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 20, 1996.

Decided Jan. 23, 1997.

John N. Del Valle, pro se.

Julie M. Pentico, Williamsport, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

John Del Valle (Del Valle), proceeding pro se, petitions for review of the February 14, 1996 order of the Workers' Compensation Appeal Board (Board),[1] affirming suspension of his benefits under Section 306(a)(2) of the Act, 77 P.S. § 511(2) (hereinafter, Section 306(a)(2)), which permits suspension of compensation during any period of a claimant's incarceration after conviction.

In August 1995, Del Valle's employer and Phico Insurance petitioned to suspend Del Valle's benefits as of May 25, 1994, when Del Valle was sentenced to serve 2 to 18 years in a state correctional facility. A workers' compensation judge granted suspension, and the Board affirmed, both citing our opinion in *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.)*, 664 A.2d 1081 (Pa.Cmwlth.1995), *petition for allowance of appeal granted,* 544 Pa. 670, 677 A.2d 840 (1996).

On appeal to this Court, Del Valle argues that Section 306(a)(2) does not apply to him because his injury predates its enactment and that application of that section violates a host of his constitutional rights.[2] Del Valle asserts 1) that the retrospective application of Section 306(a)(2) constitutes an ex post facto law[3] in violation of his constitutional rights and 2) that suspension of his benefits constitutes a civil penalty based on the same offense for which he was incarcerated in violation of the double jeopardy clause of the U.S. Constitution.[4]

▮ The status of totally disabled claimants is not fixed, but subject to change; and the application of Section 306(a)(2) of the Act to a claimant's entitlement to benefits is prospective, not retroactive, when the event triggering the party's request for relief occurs after the effective date of the legislation.[5] *Banic,* 664 A.2d at 1085. In *Banic* as in this case, the claimant's "status change[d] from totally disabled and entitled to benefits pursuant to a notice of compensation payable, to incarcerated following a conviction and exempt from benefits pursuant to Section 306(a)(2)." *Id.* In this case, as in *Banic,* the suspension of benefits constituted an prospective application of Section 306(a)(2) because the event triggering the employer's request for suspension—Del Valle's incarceration—occurred after its effective date.

▮ Del Valle's ex post facto claims are without merit. In order to make out a violation of the ex post facto clause, it must be proven that the law is retrospective, this is, that it applies to events occurring before its enactment, and the law must disadvantage the offender affected by it. *Crowell v. U.S. Parole Commission,* 724 F.2d 1406 (3d Cir. 1984). As we have determined that Section 306(a)(2) was applied prospectively, Del Valle's ex post facto claims must fail.

▮ The double jeopardy clauses of the U.S. and Pennsylvania constitutions prohibit multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In order to determine whether double jeopardy ap-

1. The Act of June 24, 1996, P.L. ——, amended Section 107 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 27, by renaming the Workmen's Compensation Appeal Board as the Workers' Compensation Appeal Board, effective August 23, 1996.

2. Page 3 of Del Valle's brief to this Court, listing the questions at issue, includes the ex post facto and double jeopardy claims Del Valle raised before the Board, and these claims are covered in the brief. Page 4 of Del Valle's brief, entitled "Nature of Action and Identity of the Parties" states that he avers violations of his rights to due process, equal protection, and protection against excessive fines; these claims were not raised at any stage of the administrative proceedings, are not briefed, and will not be addressed by this Court. *See e.g., Harvilla v. Delcamp,* 521 Pa. 21, 24 n. 1, 555 A.2d 763, 764 n. 1 (1989).

3. U.S. Const. art. I, § 9, cl. 3 and § 10, cl. 1; Pa. Const. art.1 § 17.

4. U.S. Const. amend 5.

5. Section 306(a)(2) of the Act, 77 P.S. § 511(2), became effective September 1, 1993.

plies to administrative proceedings, a court must look to the penalty imposed and its purposes; if the sanction imposed can be characterized only as a deterrent or as punishment for the conduct in question, then double jeopardy prevents the imposition of the sanction. *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).

█ Del Valle's disqualification from receiving workers' compensation benefits is not punitive for double jeopardy purposes. Del Valle's benefits were suspended because he was incarcerated after conviction. Incarceration disqualifies Del Valle from receiving benefits because his inability to work is caused by his incarceration, and not by his work injury. *Banic.* Del Valle's incarceration nullifies the required causal connection between his inability to work and his work injury.

Accordingly, we affirm the order of the Board suspending Del Valle's benefits.

### *ORDER*

AND NOW, this 23rd day of January, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.