**Andrew M. MITCHELL, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STEVE'S PRINCE OF STEAKS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 20, 1999.

Decided July 26, 1999.

Brian R. Steiner, Philadelphia, for petitioner.

Jeffrey A. Cohen, Philadelphia, for respondent.

Before DOYLE, J., SMITH, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether Andrew M. Mitchell's (Claimant) failure to respond to notification of available employment because of his incarceration constitutes bad faith for purposes of suspending workers' compensation benefits pursuant to *Kachinski v. Workmen's Compensation Appeal Board,* 516 Pa. 240, 532 A.2d 374 (1987). We hold that incarceration is not a valid justification for failing to respond to job notices. Therefore, the order of the Board is affirmed.

The facts of this case are as follows. On May 12, 1986, Claimant sustained an injury while working for Employer. Employ-

er accepted liability for this injury and issued a notice of compensation payable, pursuant to which Claimant received total disability benefits at the rate of $173.50 per week, based upon an average weekly wage of $200.00.

Pursuant to a criminal conviction Claimant was incarcerated in Somerset, Pennsylvania from October 30, 1991 until March 30, 1995, when he was released on parole. Claimant was again incarcerated on July 30, 1995 as a result of a parole violation. Claimant remained incarcerated from July 30, 1995 until November 18, 1996, when he was again released on parole.

Employer initiated vocational efforts in August 1995, while Claimant was incarcerated. Employer's vocational consultant sent three job referral letters to Claimant's counsel in Philadelphia. All three job referrals were for positions within Claimant's physical restrictions. Claimant did not make a good faith response to these job referrals. Claimant did not respond to the job referrals because he was incarcerated.

After his release in November 1996 Claimant notified Employer of his willingness to submit to vocational referrals. Employer did not respond to this request. Instead, on or about October 27, 1995, Employer filed a petition to terminate, suspend or modify compensation benefits. After a hearing, a Worker's Compensation Judge (WCJ) found that Employer was entitled to a suspension from July 30, 1995 through November 17, 1996 based upon Claimant's incarceration. The WCJ also found Employer was entitled to a suspension as of November 1, 1995 based upon Claimant's earning capacity of $200.00 per week as of that date.

Claimant appealed the decision of the WCJ to the Workers' Compensation Appeal Board (Board). The Board affirmed

the order of the WCJ. Claimant then filed a petition for review with this Court.

On appeal,[1] Claimant concedes that Employer is entitled to a suspension of benefits during the period of Claimant's incarceration pursuant to Section 306(a)(2) of the Workers' Compensation Act,[2] but argues that Claimant was entitled to a reinstatement of benefits upon his release in November 1996. Specifically, Claimant argues that the good faith requirement imposed upon him in *Kachinski v. Workmen's Compensation Appeal Board,* 516 Pa. 240, 532 A.2d 374 (1987), should be suspended until Claimant is released from incarceration. We disagree.

In *Kachinski,* the Pennsylvania Supreme Court set out guidelines to determine whether benefits may be modified where work is available for a previously disabled claimant. The employer must first prove a change in the claimant's condition. *Id.* The employer must then demonstrate that there is a job available for the claimant that the claimant is physically able to perform. *Id.* If the claimant can not demonstrate that he followed through in good faith, benefits can be modified. *Id.*

Claimant cites *Banic v. Workers' Compensation Appeal Board,* 550 Pa. 276, 705 A.2d 432 (1997), and *Brown v. Workmen's Compensation Appeal Board,* 134 Pa. Cmwlth. 31, 578 A.2d 69 (1990), for his argument that Employer is not entitled to ongoing suspension of Claimant's benefits because it met the *Kachinski* requirements while Claimant was still in prison.

In *Brown,* this Court suspended the claimant's benefits based on the finding that the employer established that the claimant had recovered sufficiently to be returned to an available job and that the claimant's incarceration was preventing him from performing the job. *Brown* does

---

1. Our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law, or that necessary findings of fact are not supported by substantial evidence. *Brown v. Workmen's* *Compensation Appeal Board,* 134 Pa.Cmwlth. 31, 578 A.2d 69 (1990).

2. Act of June 2, 1915, P.L. 736, as amended 77 P.S. § 511(2).

not say that if the claimant is released from incarceration the employer would again have to meet the requirement set forth in *Kachinski* to continue the suspension of benefits.

In *Banic,* the Supreme Court held that since the claimant was incarcerated, the employer could suspend his benefits without proving the requirements set forth in *Kachinski.* The Court did not hold that an employer was prevented from establishing the requirements in *Kachinski* while the claimant was incarcerated. To the contrary, the Court cited with approval *Brown* and *Wheeling Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board,* 38 Pa.Cmwlth. 370, 395 A.2d 586 (1978) (convicted felon not entitled to benefits where employer showed that were claimant not in prison there would be work available to him which he could perform with no loss of earnings.)

■ We hold there is no authority for the argument that an employer must wait for a claimant to be released from incarceration before it can satisfy the requirements to suspend benefits pursuant to *Kachinski.* In the case at bar, Employer established all the requirements set forth in *Kachinski* and thus is entitled to a suspension of Claimant's benefits.

■ Finally, Claimant argues that the offered positions were not "available" to Claimant because Claimant was incarcerated in Somerset, Pennsylvania and the jobs were located in Philadelphia, Pennsylvania. We disagree.

Claimant never notified the Workers' Compensation Bureau of a change in address to the prison in Somerset, Pennsylvania. Also, after being released from prison on both occasions, Claimant returned to Philadelphia. Thus, the WCJ

properly found that the job referrals to positions in Philadelphia were appropriate.

Accordingly, the order of the Board is affirmed.

### *O R D E R*

AND NOW, this 26th day of July, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

DOYLE, Judge, dissenting.

Because I believe that the policy espoused by the majority will create a great deal more harm than it seeks to remedy, I respectfully dissent from the majority opinion which, in effect, holds that an employer may permanently terminate all future benefits of a claimant because he is in prison. Specifically, the majority concludes that Steve's Prince of Steaks (Employer) was entitled to a **continuing** suspension of Andrew Mitchell's (Claimant) benefits as the result of his incarceration and subsequent inability to pursue jobs referred to him by Employer.

At the core of the majority's decision is the premise that an employer may suspend the benefits of an incarcerated claimant under the guidelines set forth in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987), while the claimant is still incarcerated and not receiving benefits pursuant to Section 306(a.1) of the Workers' Compensation Act (Act).[1] As support for this principle, the majority cites *Banic v. Workmen's Compensation Appeal Board (Trans–Bridge Lines, Inc.),* 550 Pa. 276, 705 A.2d 432 (1997) and two cases cited by our Supreme Court in that case, *Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh),* 134 Pa.Cmwlth. 31, 578 A.2d 69 (1990), *petition*

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 511.1, *added by* Act of June 24, 1996, P.L. 350. That Section provides as follows:

Nothing in this act shall require payment of compensation under clause (a) or (b) for any period during which the employe is incarcerated after a conviction or during which the employe is employed and receiving wages equal to or greater than the employe's prior earnings.

77 P.S. § 511.1.

*for allowance of appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991), and *Wheeling Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board (Stanley)*, 38 Pa. Cmwlth. 370, 395 A.2d 586 (1978). *Brown* and *Wheeling Pittsburgh Steel,* however, merely stand for the proposition noted in *Banic* and exemplified in Section 306(a.1) of the Act: An employer is entitled to suspend a claimant's benefits during any period of incarceration. *Banic* went no further and certainly did not discuss the permanent implications of a claimant's incarceration. In fact, the Court stated as follows:

> While not part of the record, appellee notes in its brief to this Court that appellant's workers' compensation benefits were reinstated upon his release from prison on July 14, 1995 without appellant filing a petition for reinstatement. Thus, the issue of whether a claimant's release from prison **automatically** entitles the claimant to a reinstatement of benefits is left for another day.

*Banic,* 550 Pa. at 286 n. 8, 705 A.2d at 437 n. 8 (emphasis added). Accordingly, I do not believe that the above cases support the policy adopted by the majority, nor do I believe that the General Assembly intended the suspension of benefits as the result of incarceration to exceed the period of incarceration.

Under the conclusion reached by the majority, I fear that many employers who discover that a claimant has been incarcerated will simply "create" a job and offer it to the incarcerated claimant, knowing full well when it is offered that the claimant cannot possibly appear for an interview, or physical examination, because he or she is in jail. The law is now settled that, once a Claimant refuses a position in "bad faith," the resulting modification is final and is

not restricted to the period for which a permanent position is available. *Korol v. Workmen's Compensation Appeal Board (Sewickley Country Inn)*, 150 Pa.Cmwlth. 279, 615 A.2d 916 (1992). Likewise, a claimant's assertion that a job was not available when he inquires about it will not defeat an employer's suspension of benefits. *See Holmes v. Workmen's Compensation Appeal Board (Pisani Brothers, Inc.)*, 86 Pa.Cmwlth. 543, 485 A.2d 874 (1984) (Fact that the job was unavailable three months later when the claimant first inquired about it does not defeat the employer's case).

Thus, the employer may, in effect, obtain a *permanent* suspension of the claimant's benefits because of the claimant's purported "bad faith," unless the claimant escapes from jail to present himself for a job interview; he may not "cure" his bad faith by *later* (when he has been released from jail) informing the employer that he is now available for work. Such a scenario not only flies in the face of the humanitarian purpose and policies behind the Workers' Compensation Act, it is, in my view, unconscionable. Accordingly, although I agree that Claimant's incarceration cannot act as a defense to the suspension of his benefits while he is incarcerated, *see* Section 306(a.1), I believe that his incarceration can and should act as a defense to a "bad faith" accusation and subsequent termination which will be effective even after he leaves jail.